■ JACKSON LASKY et al., Respondents, v GERALD R. TALANDIS, Appellant, et al., Defendants. [619 NYS2d 184] —Mikoll, J. P. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered December 9, 1993 in Tompkins County, which, *inter alia,* denied defendant Gerald R. Talandis' motion to disqualify plaintiffs' counsel.

The issue before us is whether Supreme Court erred in denying defendant Gerald R. Talandis' motion to disqualify Peter Skivington, plaintiffs' counsel, because of his prior partnership in the firm of Sutton, Deleeuw, Clark & Darcy (hereinafter the Sutton firm), which firm had formerly represented Talandis in matters relating to Beaumont Court Associates and which firm had prepared a private offering memorandum for the sale of limited partnerships containing financial representations regarding operating expenses of Beaumont Court Associates.*

In the present action, plaintiffs, represented by Skivington, are suing Talandis and others alleging that Talandis made certain financial representations regarding operating expenses

* The order also granted plaintiffs' cross motion directing Talandis to furnish financial reports to plaintiffs. This issue was not addressed in Talandis' brief. Failure to raise the issue on appeal is tantamount to an abandonment of the issue *(see, Morey v Sings,* 174 AD2d 870).

in the private offering memorandum and that these were in excess of projections because of self-dealing on the part of Talandis. The complaint also alleges that Talandis violated the terms of the management agreement.

Pursuant to the Code of Professional Responsibility DR 5-108 (A) (1) (22 NYCRR 1200.27 [a] [1]), a lawyer who has represented a former client in the matter shall not except with the consent of the former client and after disclosure, thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client. The party seeking disqualification has the burden of showing that the previous and subsequent representation are related and that the interests of the subsequent client are materially adverse to the interests of the former client (see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 445).

Supreme Court found that there was not a substantial relationship between Skivington's current representations of plaintiffs and his position at the Sutton firm when documents were prepared for Beaumont Court Associates and the present business tasks performed by Talandis in the operation of the partnership. We disagree.

The Court of Appeals has stated that the proscription against taking a case against a former client arises simply from the fact that the lawyer, or firm with which the lawyer was associated, represented the former client in matters related to the subject matter of the second representation (see, Cardinale v Golinello, 43 NY2d 288). Such is the case here. It is to no avail to contend that Skivington received no confidential information as to Beaumont Court Associates while with the Sutton firm or that other lawyers rendered the services. The standards of professional ethics mandate that an attorney guard against not only the fact but also the appearance of impropriety (see, supra, at 296). An attorney may not accept employment in violation of a fiduciary relationship (see, Greene v Greene, 47 NY2d 447). Skivington's presence in the action violates his fiduciary duty to Talandis.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Gerald R. Talandis' motion to disqualify plaintiffs' counsel; said motion granted; and, as so modified, affirmed.