■ PAUL J. HORES, Respondent, v ROBERT SARGENT et al., Defendants, and NASSAU COMMUNITY COLLEGE, Appellant. (And a Third-Party Action.) [646 NYS2d 165] —In a negligence action to recover damages for personal injuries, the defendant Nassau Community College appeals from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated November 22, 1994, as upon reargument, adhered to the prior determination in an order dated July 25, 1994, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

This is an action for personal injuries sustained by the plaintiff on May 17, 1989, while participating in a bicycle trip planned and organized by the Office of Student Activities of the appellant Nassau Community College (hereinafter NCC). The plaintiff, then a student at NCC, was struck by a 1977 Chevrolet dump truck where Route 27E and James Lane merge in East Hampton. The truck was operated by the defendant Robert Sargent, and was owned by the defendant Donald Berkoski, Robert Berkoski, and B&D Construction, Inc.

After issue was joined, NCC moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied NCC's motion for summary judgment. We affirm.

Initially, it is noted that the subject bicycle trip was organized, planned, and supervised by members of NCC's Office of Student Activities (hereinafter OSA), who were also NCC employees. The OSA, among other things, examined and selected the subject bike route, prepared the bike map, operated three vans to assist bicyclists during the trip, and instructed the participants on safety issues. Accordingly, we agree with the Supreme Court that NCC possessed a sufficient degree of control over the subject event, and thus was under a duty to take reasonable precautions for the safety of the participants, including the plaintiff (compare, McGrath v United Hosp., 167 AD2d 518; Vogel v West Mtn. Corp., 97 AD2d 46).

Furthermore, viewing the evidence in the light most favorable to the plaintiff (see, Forte v Franklin Gen. Hosp., 185 AD2d 914), we find that material issues of fact exist (see, CPLR 3212

[b]) as to whether NCC breached its duty to provide adequate supervision, and if so, whether that negligence was a proximate cause of the plaintiff's injuries.

Accordingly, the Supreme Court properly denied NCC's motion for summary judgment. O'Brien, Sullivan and Goldstein, JJ., concur.

Rosenblatt, J. P., dissents and votes to reverse the order insofar as appealed from, vacate the order dated July 25, 1994, grant the motion of the appellant for summary judgment, and dismiss the complaint insofar as asserted against it, with the following memorandum in which, Ritter, J., concurs: I would grant the motion of the defendant Nassau Community College (hereinafter NCC) for summary judgment dismissing the complaint against it. I agree with the majority's analysis by which it concludes that NCC's role and activities in sponsoring the bicycle trip gave rise to a duty on its part to take reasonable precautions for the safety of the participants, including the plaintiff. The existence of a duty, however, should not, and does not, automatically create a question of fact as to the breach of the duty (see, Dumas v Van Horn, 227 AD2d 584). In my view, the record in this case is insufficient to create a question of fact as to whether Nassau Community College failed to exercise reasonable care.

The event here was a three-day bicycle trip for college students, during which participants were encouraged to "set your own pace". The 19-year-old plaintiff signed an acknowledgement that "riding a bicycle on Long Island can be hazardous due to heavy vehicle traffic and general road conditions". Under these circumstances, it is not reasonable to expect NCC to supervise and oversee the movements of each cyclist over a period of three full days, and to protect each and every participant from every road hazard and all manner of intervening causes, including the actions, and possible negligence of third parties. Significantly, this Court has affirmed the dismissal of the plaintiff's claim against the State of New York and has, thus, already concluded, among other things, that the intersection at which the accident occurred was neither defectively designed nor unsafe (see, Hores v State of New York, 212 AD2d 580).