■ RICHARD ROTHBARD, as Parent and Guardian of JASON ROTHBARD, an Infant, et al., Appellants-Respondents, v COLGATE UNIVERSITY et al., Respondents, and ALUMNI ASSOCIATION OF THE COLGATE CHAPTER, BETA THETA OF BETA THETA PI, INC., Respondent-Appellant. [652 NYS2d 146] —Casey, J. Cross appeals from an order of the Supreme Court (Tait, Jr., J.), entered July 31, 1995 in Madison County, which, *inter alia*, granted motions by defendants Colgate University and Beta Theta Pi for summary judgment dismissing the complaint against them and partially granted the motion of defendant Alumni Association of the Colgate Chapter, Beta Theta of Beta Theta Pi, Inc. for summary judgment dismissing the complaint against it.

Plaintiff Jason Rothbard (hereinafter plaintiff) sustained serious injuries when he fell from the second floor of defendant Beta Theta Pi fraternity house at defendant Colgate University in the Village of Hamilton, Madison County. At the time of his fall, plaintiff was a sophomore at the university and a member of the fraternity. Plaintiff's room at the fraternity house had a window which was centered over the curved portico above the front entrance to the fraternity house. There were no witnesses to plaintiff's fall, which occurred at approximately 5:30 A.M., and plaintiff has no memory of the fall. Plaintiff was found lying on the ground near the entrance to the fraternity house, unconscious and bleeding profusely. Upon plaintiff's admission to the hospital, his blood alcohol level was measured at 0.18%.

In this action, plaintiff and his father seek to recover damages for the personal injuries sustained by plaintiff in his fall. In addition to the university, three entities related to the particular fraternity were named as defendants: the local chapter of the fraternity, the national fraternity and the alumni organization that owned the fraternity house. After issue was joined, defendants moved for summary judgment dismissing the complaint and all cross claims. Plaintiffs cross-moved for certain relief, including permission to amend their bill of particulars to certain defendants. Supreme Court granted summary judgment to the university and the local chapter of the fraternity, and the complaint was also apparently dismissed as to the national fraternity. The owner of the fraternity house was granted summary judgment except insofar as plaintiffs' complaint alleges that the owner was negligent in maintaining a defective or dangerous condition in plaintiff's room at the fraternity house. Supreme Court also granted plaintiffs' cross motion. Plaintiffs appeal from the dismissal of the complaint as against the university and the partial dismissal of the complaint as to the owner of the fraternity house. Plaintiffs do not

contest the dismissal of the complaint as against the local chapter or the national fraternity. The owner of the fraternity house cross-appeals, claiming that the complaint should be dismissed in its entirety.

As to the university's motion for summary judgment, it is clear from the affidavit in opposition to the motion that plaintiffs' negligence claim against the university is based upon allegations that the university breached its duty to control or supervise the conduct or behavior of students in fraternity houses, including plaintiff. According to plaintiffs, the university assumed the duty when, in the student handbook, it asserted the authority to control the behavior of students in fraternity houses. In particular, plaintiffs point to provisions of the handbook which provide that all roofs and porticos are "off limits" for all students and that no one under the age of 21 shall be served or consume alcohol. Plaintiffs contend that the university knew or should have known that both provisions were routinely violated by students at fraternity houses.* Plaintiffs claim that the university's failure to enforce its own rules should result in the imposition of liability for the injuries sustained by plaintiff when he fell from a portico. We find no merit in plaintiffs' claim.

"[C]olleges today in general have no legal duty to shield their students from the dangerous activity of other students" (*Eiseman v State of New York*, 70 NY2d 175, 190). A fortiori, colleges today in general have no legal duty to shield their students from their own dangerous activity which creates a risk of harm to themselves (*see, Talbot v New York Inst. of Tech.*, 225 AD2d 611). This is not a case where the university encouraged its students to participate in an activity and took affirmative steps to supervise the activity (*see, Hores v Sargent*, 230 AD2d 712). To the contrary, the university expressly provided in its student handbook that certain conduct by its students was prohibited. We reject plaintiffs' contention that in so doing the university voluntarily assumed the duty to take affirmative steps to supervise plaintiff and prevent him from engaging in the prohibited activity. At the time of his injury, plaintiff was not a young child in need of constant and close supervision; he was an adult, responsible for his own conduct.

Plaintiffs refer to the absence of safety stops on the window

---

* On this appeal, plaintiffs have focused on the university's failure to enforce the rule which declares roofs and porticos "off limits"; they have apparently abandoned their claim regarding underage drinking (*see, Lasky v Talandis*, 209 AD2d 841, n).

in plaintiff's room as a basis for imposing liability on the university. They do so in the context of their claim that the university was obligated to control or supervise plaintiff's conduct. In other words, they claim that the university should have installed stops on the window in plaintiff's room as a means of preventing him from engaging in the prohibited activity. Absent from plaintiffs' affidavit in opposition to the university's motion is any claim of a dangerous condition in plaintiff's room for which the university was responsible as a party in possession and control of the premises. Having concluded that the university did not owe plaintiff the duty to supervise or control his conduct and prevent him from engaging in the particular activity that caused his injury, which is the only duty claimed to have been breached, we affirm Supreme Court's dismissal of the complaint against the university.

Plaintiffs also contend that the owner of the fraternity house is liable for failing to prevent plaintiff from engaging in the prohibited conduct. We see no basis to impose upon the owner of the fraternity house the legal duty to affirmatively supervise plaintiff, an adult, and prevent him from engaging in conduct that creates a risk of harm to himself. Accordingly, we conclude that Supreme Court correctly granted partial summary judgment to the owner of the fraternity house.

As to the cross appeal, the owner of the fraternity house owed the duty, as a landowner, to maintain the property in a reasonably safe condition in view of all the circumstances (*see*, *Basso v Miller*, 40 NY2d 233, 241). In support of its motion for summary judgment, the owner of the fraternity house submitted the affidavit of an architect who opined that there was no dangerous condition in plaintiff's room and explained the basis for his opinion, including the conclusion that the opening size of the window could not be restricted due to fire safety requirements. Plaintiffs submitted evidence that the owner knew or should have known of the fraternity members' frequent use of the portico and the danger inherent in such use. Plaintiffs also submitted the affidavit of an architect who opined that window safety stops could have been used without violating any fire or life safety requirements, and that such stops should have been used to restrict access to the portico. The architect also concluded that plaintiff's room did not have sufficient habitable space for plaintiff and his roommate, and there is evidence in the record that plaintiff may have been using the portico as a storage area. Based upon the evidence in the record, we conclude that the question of whether the absence of

window safety stops was a breach of the owner's duty to maintain the premises in a reasonably safe condition in view of all the circumstances is one of fact for a jury to resolve (see, *Yahudah v Metro N. Riverview House*, 129 AD2d 429).

The owner of the fraternity house also argues that it is entitled to summary judgment on the proximate cause issue. According to the owner, the absence of an eyewitness to the fall and plaintiff's inability to remember the fall will prevent plaintiffs from meeting their burden of establishing that the owner's alleged breach of its duty to maintain the premises in a reasonably safe condition was a proximate cause of plaintiff's injuries. The owner's argument confuses plaintiffs' burden at trial with the burden of the respective parties on a motion for summary judgment (see, *Taft v Sports Page Shop*, 226 AD2d 974, 976). The owner, as the proponent of the summary judgment motion, bore the initial burden to demonstrate the merit of its defense by tender of evidentiary proof in admissible form (see, *Zuckerman v City of New York*, 49 NY2d 557, 562). The burden is not met by pointing to gaps in plaintiff's proof (see, *Larkin Trucking Co. v Lisbon Tire Mart*, 185 AD2d 614, 615), which is all the owner has done on the proximate cause issue in this case. Supreme Court correctly denied summary judgment to the owner of the fraternity house insofar as plaintiffs' complaint is based upon allegations that the owner failed to maintain the premises in a reasonably safe condition. The owner's remaining argument concerning the amendment to plaintiffs' bill of particulars is meritless (see, *Benjamin v Desai*, 228 AD2d 764).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.