■ GEORGE KRIGOS, Appellant, v NEW YORK CITY BOARD OF EDUCATION, Respondent, et al., Defendants. [668 NYS2d 675] —In an action to recover damages for personal injuries, the plaintiff

appeals from (1) an order of the Supreme Court, Queens County (Polizzi, J.), dated January 28, 1997, which denied the plaintiff's motion to preclude the defendant New York City Board of Education from presenting any witnesses to the subject incident and granted the branch of the cross motion of the defendant New York City Board of Education for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court dated July 10, 1997, which dismissed the complaint insofar as it is asserted against the defendant New York City Board of Education.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are bought up for review and have been considered on the appeal from the judgment (*see*, CPLR 5501 [a] [1]).

In 1994 the then-28-year-old plaintiff was a member of a soccer league which obtained a permit to use the gymnasium at Richmond Hill High School for a soccer tournament. The permit required, *inter alia*, that the league hold harmless the respondent, New York City Board of Education (hereinafter the Board), in the event of injury to league members; "provide adequate supervision of the activity at all times", and "observe all the rules and regulations contained in the S.O.P.M. [Standard Operating Procedures Manual] chapter on 'Extended Use of School Buildings' ". Among these were a prohibition against intoxicating substances on school premises, and a requirement that the entity using school premises be responsible for providing appropriate security and supervision of the program activity. During the course of a soccer game the plaintiff was injured when he was kicked by an allegedly inebriated player on the opposing team. The plaintiff alleges that he had seen this player consuming alcohol in the gymnasium prior to the occurrence.

Under these circumstances the court properly granted the Board's motion for summary judgment. The plaintiff failed to demonstrate that the Board owed any duty to guarantee the safety of the players of an adult soccer league which was merely using its facilities. "In the absence of duty, there is no breach and without a breach there is no liability" (*Pulka v Edelman*, 40 NY2d 781, 782). Nor does the mere fact that the Board's

regulations prohibited intoxicating substances on its premises give rise to a duty on the Board's part to enforce such rule or prevent drunken behavior, especially since the permit placed the onus of abiding by this rule upon the soccer league (*see, Rothbard v Colgate Univ.*, 235 AD2d 675).

The plaintiff's remaining contentions are without merit. Sullivan, J. P., Pizzuto, Santucci and Florio, JJ., concur.