■ JOHNSON CITY CENTRAL SCHOOL DISTRICT, Plaintiff, v FIDELITY AND DEPOSIT COMPANY OF MARYLAND et al., Defendants, and DANIEL J. LYNCH, INC., Defendant and Third-Party

2. Since no allegations of improper disclosure were made by defendant herself, we need not, and do not, reach the related issue of whether such a claim would have been barred by a one-year Statute of Limitations in any event.

Plaintiff-Respondent. Village of Johnson City, Third-Party Defendant-Appellant. (And Two Other Third-Party Actions.) [709 NYS2d 225] —Spain, J. Appeal from an order of the Supreme Court (Coutant, J.), entered September 21, 1999 in Broome County, which denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

In February 1994 at plaintiff's request, third-party defendant, the Village of Johnson City, agreed to permit the Village fire department to assist plaintiff in the removal of snow and ice from the roofs of two of plaintiff's vehicle maintenance buildings, which were exhibiting signs of structural distress from the weight of the snow and ice. At the insistence of the Village, the parties executed an indemnification agreement whereby the Village agreed to provide. fire department equipment and personnel to spray high-pressure water in an attempt to flush the snow and ice from the roofs. In return, plaintiff acknowledged the risks inherent in such an operation, including the possibility of structural collapse, and agreed, *inter alia*, to release the Village from all liability in connection with the operation. During the snow and ice removal operation, which included the fire department's participation in spraying high-pressure water onto the roofs, one of the buildings partially collapsed and the other building completely collapsed.

Plaintiff thereafter commenced this action against several entities, including defendant Daniel J. Lynch, Inc. (hereinafter defendant), the contractor which erected the buildings. Defendant commenced a third-party action against the Village, seeking contribution and/or indemnification based upon the alleged negligence of its fire department in causing or contributing to the collapse. Following joinder of issue, the Village moved for summary judgment dismissing the third-party complaint. Supreme Court denied the motion without explanation and the Village appeals.

The Village contends that the release given by plaintiff precludes defendant's contribution claim. While General Obligations Law § 15-108 (b) provides that a release given in good faith to one tortfeasor relieves that tortfeasor from liability to any other person for contribution, the Village does not rely on the statute which, in any event, appears to be inapplicable to the release given by plaintiff prior to any of the alleged negligent acts (*see, Franzek v Calspan Corp.*, 78 AD2d 134, 141). Rather, the Village contends that pursuant to the release, it has no liability to plaintiff and that in the absence of any liability to plaintiff it cannot be liable to defendant for contribution. However, it is well settled that "a defendant may

seek contribution from a third party even if the injured plaintiff has no direct right of recovery against that party, either because of a procedural bar or because of a substantive legal rule" (*Raquet v Braun*, 90 NY2d 177, 182). "Part of the reason for this seeming circuity is that the avoidance of direct liability to the injured plaintiff does not logically or legally equate to the absence of shared fault on the part of the otherwise immune defendant as among the joint tortfeasors" (*Mowczan v Bacon*, 92 NY2d 281, 285). Accordingly, even accepting the Village's argument that the release encompassed the Village's liability for its own negligence, the release does not preclude defendant's claim for contribution.

"The 'critical requirement' for apportionment by contribution * * * is that 'the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought' " (*Raquet v Braun, supra*, at 183, quoting *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603). Relying upon the general rule that, absent a special relationship, a municipality cannot be held liable for negligence in the performance of a governmental function (*see*, *De Long v County of Erie*, 60 NY2d 296, 304; *Helman v County of Warren*, 114 AD2d 573), the Village contends that it owed no duty to plaintiff and, therefore, cannot be liable for contribution (*see, Molley v Aziz*, 154 AD2d 578). However, when a governmental entity engages in a proprietary function, it may be subject to the same duty of care as private individuals and entities which engage in that activity (*see, Schrempf v State of New York*, 66 NY2d 289, 294). A purely governmental function is "undertaken for the protection and safety of the public pursuant to the general police powers" (*Balsam v Delma Eng'g Corp.*, 90 NY2d 966, 968), while a purely proprietary function is a governmental activity which substitutes for or supplements a traditionally private enterprise (*see, Sebastian v State of New York*, 93 NY2d 790, 793).

"To determine where in the continuum of activity between proprietary and governmental responsibilities the challenged public action falls, we must examine ' "the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred" ' " (*Balsam v Delma Eng'g Corp., supra*, at 967-968, quoting *Miller v State of New York*, 62 NY2d 506, 513, quoting *Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 182). According to defendant, the injury to plaintiff's property is alleged to have arisen out of the fire department's attempts to flush snow and ice from the roofs of plaintiff's buildings. The activity was not undertaken for the

protection and safety of the public, but was undertaken pursuant to the Village's agreement with plaintiff to assist in maintaining its buildings by providing fire department equipment and personnel to remove snow and ice from the roofs. Maintenance and repair have been recognized as "completely proprietary acts" (*Clinger v New York City Tr. Auth.*, 85 NY2d 957, 959; *see, Searles v Town of Horicon*, 116 AD2d 93, 95). The Village's claim that it was responding to an emergency similar to an accident or natural disaster is entirely inconsistent with its insistence on the indemnification agreement before it would provide the requested assistance.

"Moreover, where a municipality assumes a duty to a particular person or class of persons, it must perform that duty in a nonnegligent manner, notwithstanding that absent its voluntary assumption of that duty, none would have otherwise existed" (*Florence v Goldberg*, 44 NY2d 189, 196). As is clear from its indemnification agreement with plaintiff, the Village assumed the duty to assist plaintiff in its snow and ice removal efforts and, therefore, the Village was obligated to "perform that duty in a nonnegligent manner" (*id.*, at 196; *see, Persaud v City of New York*, 267 AD2d 220; *Rekemeyer v Cerone*, 252 AD2d 22). Indeed, if the Village had no obligation to act in a nonnegligent manner, there would have been no need for it to insist on the release and indemnification provisions of its agreement with plaintiff.

The Village next contends that there is no evidence that fire department personnel were negligent in their attempt to flush snow and ice from the roofs. However, there is evidence that fire department personnel sprayed water on the snow-covered roofs despite actual awareness of the increased risk of collapse created by the additional weight of that water, and there is evidence that the application of high pressure water to the snow-covered roofs was inappropriate and contributed to the collapse of the buildings. In any event, as the party seeking summary judgment, the Village had the burden to submit evidentiary proof in admissible form to establish its entitlement to judgment as a matter of law on the issue of its negligence (*see, Zuckerman v City of New York*, 49 NY2d 557, 562), which the Village failed to do. This burden is not satisfied by pointing to gaps in defendant's proof (*see, Rothbard v Colgate Univ.*, 235 AD2d 675, 678).

The Village also contends that an essential requirement for contribution—that the parties contributed to the same injury—is lacking (*see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603, *supra*). We note that the

Village concedes that plaintiff has stated a claim based on negligence against defendant and, therefore, some form of tort liability is present, which is a prerequisite to a contribution claim (*see, Board of Educ. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 28). We read plaintiff's complaint as including a claim against defendant for damages for injury to plaintiff's property as a result of the abrupt, cataclysmic collapse of the buildings caused by defendant's negligence in constructing the buildings. Defendant seeks contribution from the Village for its negligence in adding weight to the snow load on the roofs, thereby contributing to the collapse of the buildings. Thus, although defendant and the Village are allegedly liable under different theories, it is plausible that actions and/or omissions of defendant and the Village, together, may have contributed to the injury to plaintiff's property which resulted from the collapse of the buildings (*see, Comi v Breslin & Breslin*, 257 AD2d 754, 756).

We agree with the Village's final contention that it was entitled to summary judgment dismissing defendant's common-law indemnification claim. The key element of common-law indemnification is the duty which arises from the principle that every person is accountable for the consequences of his or her own negligence (*see, Raquet v Braun*, 90 NY2d 177, 183, *supra*). Thus, "[i]mplied indemnification is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party at the expense of the other" (*Mas v Two Bridges Assocs.*, 75 NY2d 680, 690). However, where as here two or more tortfeasors share in responsibility for the same injury—in this case injury to plaintiff's property resulting from the collapse of the buildings—apportionment through contribution, rather than a shifting of the entire loss through implied indemnification, is generally the appropriate remedy (*see, Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 568). While there are exceptions to this general rule (*see, Mas v Two Bridges Assocs., supra*, at 690), none apply to the facts in this case. Accordingly, defendant's claim against the Village for implied indemnification should be dismissed.

Mercure, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied third-party defendant's motion for summary judgment dismissing the third-party claim for indemnification; motion granted to that extent, partial summary judgment awarded to third-party defendant and said claim dismissed; and, as so modified, affirmed.