■ CHRISTOPHER MAURO, Respondent, v CITY OF YONKERS, Appellant, et al., Defendants. [724 NYS2d 194] —In an action to recover damages for personal injuries, the defendant City of Yonkers appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered May 26, 2000, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff was a member of an adult softball league known as Yonkers Sports League II which obtained a permit from the City of Yonkers to play softball at a field owned by the City. Yonkers Sports League II is an independent organization which was neither sponsored by the City nor run under its auspices. On July 27, 1997, the plaintiff was injured during a game when a player from an opposing team collided with him at second base. The plaintiff contends that he observed players on the other team drinking before and during the game, and that his injury was proximately related to such activity. The plaintiff also contends that the consumption of alcohol on the field was in violation of the regulations which the City promulgated for a softball league which was sponsored by the City.

The City established its prima facie entitlement to judgment as a matter of law that it owed no duty to supervise the conduct of these softball games or their participants (*see, Krigos v New York City Bd. of Educ.,* 247 AD2d 446; *Rothbard v Colgate Univ.,* 235 AD2d 675). To defeat the City's motion, it was incumbent upon the plaintiff to demonstrate "evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Zuckerman v City of New York,* 49 NY2d 557, 562). The plaintiff failed to meet this burden. There is no proof that the City undertook any duty to guarantee the safety or control the behavior of the players of an independent adult softball league which was merely using its facilities (*see, Krigos v New York City Bd. of Educ., supra*). Furthermore, the mere fact that the regulations governing softball games played by teams within the City-sponsored league prohibited alcohol on the playing field did not give rise to a duty on the City's part to enforce such rule or prevent drunken behavior (*see generally, Rothbard v Colgate Univ., supra*). Accordingly, since "[i]n the absence of [a] duty, there [can be] no breach and without a breach there is no liability" (*Pulka v Edelman,* 40 NY2d 781, 782), the City was entitled to summary judgment dismissing the complaint insofar as asserted against it.

In any event, by participating in a game of softball with players whom he knew had been drinking alcoholic beverages, the plaintiff assumed the risks inherent in such activity (*see, Morgan v State of New York,* 90 NY2d 471; *Reilly v Long Is. Jr. Soccer League,* 216 AD2d 281).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Santucci, Goldstein and Crane, JJ., concur.