■ JOSEPHINE T. PICCIRILLO et al., Respondents, v BELTRONE-TURNER, a Joint Venture of BELTRONE CONSTRUCTION COMPANY, INC., and TURNER CONSTRUCTION COMPANY, et al., Appellants, and PETER LUIZZI AND BROS. CONTRACTING, INC., Respondent. [727 NYS2d 721] —Mugglin, J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 4, 2000 in Schenectady County, which, *inter alia*, denied certain defendants' motions for summary judgment dismissing the complaint against them.

Plaintiff Josephine T. Piccirillo (hereinafter plaintiff) seeks to recover for injuries she sustained on September 30, 1996

when she fell outside a terminal at the Albany County Airport. Plaintiffs allege that the cause of the fall, which occurred at 10:30 P.M., was a curb which plaintiff failed to see because it was "pitch black" in that area at that hour of the evening. Plaintiff and her husband, derivatively, sued defendant Beltrone-Turner, the construction manager for the airport development project which was in progress at the time, defendant Peter Luizzi and Bros. Contracting, Inc. (hereinafter Luizzi), the paving contractor, and defendant J.J. P. Slip Forming, Inc. (hereinafter JJP), a subcontractor which installed the curbing for Luizzi.

JJP moved for summary judgment claiming that it owed no duty to plaintiffs and its actions were not the proximate cause of plaintiff's injuries. It asserts that other contractors were responsible for backfilling and paving adjacent to the curbs that it installed and that it had completed its contract three weeks before plaintiff fell. Beltrone-Turner cross-moved for summary judgment claiming no liability to plaintiffs as it did no construction in the area where plaintiff fell and was not responsible for lighting that area. Beltrone-Turner further moved for dismissal of all cross claims and/or for contractual indemnification against Luizzi and for common-law indemnification against JJP. Supreme Court, finding that issues of fact existed, denied the motions for summary judgment. The court also found the proof to be inadequate to grant contractual indemnification and determined that the issue of common-law indemnification was premature as it must await a determination of whether or not JJP and Luizzi are found negligent by the trier of facts.

Our review begins with the motion for summary judgment made by JJP. "Whether a duty exists presents a question of law to be determined by the court based upon the facts and circumstances of the case" (*Vogel v West Mtn. Corp.*, 97 AD2d 46, 48). "[A] duty [is] found to exist only where a defendant [has] sufficient control over the event to be in a position to prevent the negligence" (*id.*, at 49). "[I]n the absence of any competent direct or circumstantial evidence establishing that [defendant's] negligence 'was a substantial cause of the events which produced the [injuries]' * * * plaintiff failed to make a prima facie showing of proximate cause * * *. Mere speculation as to its existence will not suffice" (*Plante v Hinton*, 271 AD2d 781, 782, quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [citations omitted]).

In the instant case, while it appears that JJP installed the curbing in the area where plaintiff was injured, it was Luizzi's

responsibility to backfill, pave and provide for the safety of both vehicular and pedestrian traffic in the area. While JJP owed a duty to the general public to exercise reasonable care and not create a dangerous condition (*see, Genen v Metro-North Commuter R. R.*, 261 AD2d 211, 214), this record contains only speculation that it breached any duty and only speculation that such breach was a proximate cause of plaintiff's injury. While plaintiffs have alleged that the injury was caused because the curb was too high, they furnish no measurements of the curb nor can they locate the precise place where plaintiff fell. Further, there is no evidence that the curbing was negligently constructed, that this defendant was responsible for lighting the area or erecting any barricades or other warning devices. Moreover, it is undisputed that JJP had not worked at this job site for three weeks prior to plaintiff's accident. Under these circumstances, any determination that negligence on the part of JJP was a proximate cause of the accident would be based on speculation, rather than " 'logical inferences to be drawn from the evidence' " (*Larkins v Hayes*, 267 AD2d 524, 525, quoting *Ellis v County of Albany*, 205 AD2d 1005, 1007). Thus, JJP's motion for summary judgment dismissing the complaint against it should have been granted.

We next examine Beltrone-Turner's cross motion for summary judgment based on a claim of no liability because it did no construction in the area where plaintiff fell nor was it responsible for lighting that area. Contrary to these claims, the contract that Beltrone-Turner signed with Albany County Airport Authority requires Beltrone-Turner to take "every precaution against injuries to persons" and "to make daily observations of the safety practices" employed by any contractors and subcontractors. In the event that Beltrone-Turner found safety violations, it was authorized to direct separate contractors to "erect or provide the required safety structures, equipment or procedures." These contractual provisions demonstrate that this defendant had overall responsibility to maintain safety in the construction area, giving rise to a duty to the persons who, with reasonable foreseeability, would be using the premises. This duty exists because this defendant had sufficient control to be in a position to prevent the negligence (*see, Vogel v West Mtn. Corp., supra*, at 49).

With respect to Beltrone-Turner's alternative cross motions for indemnification, Supreme Court properly denied the cross motion seeking contractual indemnification, as it is unclear from this record which of three contracts governed at the time of this accident. Insofar as common-law indemnification is

concerned, we agree with Supreme Court's conclusion that, since negligence has not been established on the part of Luizzi, this motion is premature (*see, Williams v G.H. Dev. & Constr. Co.*, 250 AD2d 959, 962).

Cardona, P. J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant J.J. P. Slip Forming, Inc. for summary judgment; said motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.