STEVEN MEROLA et al., Appellants, v STATEN ISLAND ACADEMY et al., Respondents. [774 NYS2d 429]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Minardo, J.), dated March 24, 2003, which granted the motion of the defendant Staten Island Academy and the separate motion of the defendant NASC, Inc., doing business as Major League Soccer Camps, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On August 23, 2000, the infant plaintiff, Steven Merola, then eight years old, was participating in the soccer camp of the defendant NASC, Inc., doing business as Major League Soccer Camps (hereinafter NASC). The camp was located on the campus of the defendant Staten Island Academy (hereinafter SIA). During a recess period, the infant plaintiff, while still wearing soccer cleats, became involved in a game of tag with other campers in the playground. While running, he hopped up on a slide, tripped on the side of the slide and fell, breaking his arm. At the time of the incident, there were 32 campers in the program being supervised by three coaches employed by NASC.

NASC demonstrated, prima facie, its entitlement to judgment as a matter of law by establishing that there was adequate playground supervision and, in any event, that the level of supervision was not the proximate cause of the alleged accident (*see Davidson v Sachem Cent. School Dist.*, 300 AD2d 276 [2002]; *Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.*, 289 AD2d 211 [2001]). The plaintiffs failed to raise a triable issue of fact as to inadequate supervision and whether the level of supervision was a proximate cause of the alleged accident.

SIA met its burden of establishing entitlement to judgment as a matter of law by showing that it owed no duty to supervise the campers (*see Mauro v City of Yonkers*, 282 AD2d 720 [2001]). There was no proof that SIA was responsible for supervision or control over the day-to-day activities of the campers (*see Pitkewicz v Boy Scouts of Am.-Suffolk County Council*, 261 AD2d 462 [1999]). The plaintiffs failed to raise a triable issue of fact in this regard. Altman, J.P., S. Miller, Krausman and Cozier, JJ., concur.