CHICAGO TITLE INSURANCE COMPANY, Appellant, v BARBARA J. MAZULA, Defendant and Third-Party Respondent. JAMES E. KEABLE, Third-Party Defendant-Respondent. [832 NYS2d 685]—

Mugglin, J. Appeal from an order of the Supreme Court (Dawson, J.), entered March 16, 2006 in Clinton County, which denied plaintiff's motion for summary judgment.

This is the second of two related actions. Plaintiff issued a policy of title insurance for Wolodymyr Bula and Leanne Bula insuring the title to certain land in the Town of Beekmantown, Clinton County, when they purchased the property from defendant. The conveyance included a right-of-way to Lake Champlain, purportedly 66 feet in width. In reality, the right-of-way was only 15 feet in width. The Bulas obtained an appraisal establishing resultant damages of $26,800. Plaintiff paid the

Bulas $20,000 and apparently assigned its subrogation rights to the Bulas. The Bulas, in the first action against defendant, moved for summary judgment. In her affidavit in opposition, defendant, after acknowledging that "mistakes were made" and that plaintiff "did in fact pay out $20,000.00" and "did in fact assign to the [Bulas] their right of subrogation," stated that "[i]t is quite frankly the issue of damages due to the [Bulas], if any, that is the sole issue to be addressed by the [c]ourt." As defendant submitted no proof on the issue of damages, Supreme Court, after observing that defendant "and the court agree that the title insurer could have recovered for its out-of-pocket expense ($20,000)" but that plaintiff may not "assign its subrogated rights to the insureds for no value or nominal value," it limited the Bulas' judgment to $6,800. Thereafter, the Bulas moved to amend the complaint to add plaintiff as a party in that action. Supreme Court denied that motion. No appeal was taken from either the judgment or the order denying the motion.

Predictably, plaintiff commenced this action against defendant. Defendant answered and asserted a third-party claim against her attorney, which is not here in issue. Plaintiff moved for summary judgment submitting, in addition to copies of Supreme Court's two decisions and defendant's aforesaid affidavit, evidence that the Bulas received a partially failed title, the Bulas were damaged in the amount of $26,800, it paid the Bulas $20,000, and, pursuant to the title insurance policy, it became subrogated to the Bulas' right to receive that amount. Having thus demonstrated prima facie entitlement to summary judgment, the burden shifted to defendant to produce evidence in admissible form demonstrating the existence of a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Spiratos v County of Chenango*, 28 AD3d 863, 863 [2006]; *Macri v Smith*, 12 AD3d 896, 897 [2004]). Defendant's counsel, having pleaded plaintiff's lack of standing as an affirmative defense, reminded Supreme Court during oral argument that plaintiff had assigned its rights to the Bulas. When the court inquired about a possible reassignment, plaintiff's attorney demurred and the court denied its motion for summary judgment.

We reverse. While Supreme Court could take judicial notice of the existence of the first action over which it presided (*see* Prince, Richardson on Evidence § 2-209, at 45 [Farrell 11th ed]), it should take such notice of the entire action and not confine itself to only one aspect thereof, i.e., the existence of an assignment. Unfortunately, plaintiff's counsel did not remind

the court that it decided that the assignment was invalid and awarded the Bulas only $6,800, based on defendant's successful argument that its enforcement would unjustly enrich the Bulas by adding a judgment against her of $26,800 to the $20,000 that the Bulas already received from plaintiff. As a party to the first action who benefitted from the court's decision that the assignment was invalid, defendant is precluded from again litigating this issue (see e.g. McWain v Pronto, 30 AD3d 675, 676 [2006]), particularly where, as here, she is judicially estopped from taking the inconsistent position that the assignment was valid and, because of it, plaintiff lacks standing to sue (see Matter of Sbarra, 17 AD3d 975, 976 [2005]; Clifton Country Rd. Assoc. v Vinciguerra, 252 AD2d 792, 793 [1998]). We find no merit to defendant's additional arguments and no prejudice to her if she is made to pay 100% of the damages occasioned by her conveyance of a defective title.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and summary judgment awarded to plaintiff in the amount of $20,000.