VANESSA Dow, Respondent, v SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [847 NYS2d 711]—

Mugglin, J. Appeal from an order of the Supreme Court (Giardino, J.), entered December 20, 2006 in Schenectady County, which, among other things, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff alleges that she was injured when she fell to the floor because a chair she was attempting to sit in, in defendant's office, slid out from under her. As limited by its brief, defendant appeals only from Supreme Court's denial of its summary judgment motion seeking dismissal of the complaint.

To successfully shift the burden of demonstrating a triable issue of fact to the nonmovant, a party seeking summary judgment must establish a prima facie entitlement to judgment, as a matter of law, by submitting competent evidence which eliminates any material issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Manculich v Dependable Auto Sales & Serv., Inc.*, 39 AD3d 1070, 1071 [2007]; *Chicago Tit. Ins. Co. v Mazula*, 38 AD3d 1114, 1115 [2007]). In this premises liability case, defendant was obligated to submit competent evidence to establish, as a matter of law, that it did not create the dangerous condition (*see Dong v Cazenovia Coll.*, 263 AD2d 606, 607 [1999]), or that it did not have notice of such a condition (*see Grant v Radamar Meat*, 294 AD2d 398, 398-399 [2002]; *McCombs v Related Mgt. Co.*, 290 AD2d 681, 681 [2002]). This burden is not met by relying on perceived gaps in the nonmoving party's proof (*see Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md.*, 272 AD2d 818, 821 [2000]; *Rothbard v Colgate Univ.*, 235 AD2d 675, 678 [1997]). Although plaintiff's fall was witnessed by several of defendant's employees, defendant offered no evidence in support of its motion as to the condition of the chair or the floor, thus failing to establish that it did not create a dangerous condition or that it lacked notice thereof.

Cardona, P.J., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.