■ In the Matter of Seann Patrick Riley, on Behalf of Paul Germain, Petitioner, v Ralph Fabrizio et al., Respondents. [864 NYS2d 379]—Application for an order pursuant to article 78 of the Civil Practice Law and Rules denied and the petition dismissed, without costs or disbursements. All concur. No opinion. Order filed. Concur—Lippman, P.J., Tom, Williams, McGuire and Freedman, JJ.

■ Alejandro Chittick et al., Appellants, et al., Plaintiffs, v USA Cycling, Inc., Doing Business as U.S.C.F., N.O.R.B.A. and U.S. Pro, Respondent, et al., Defendants. [863 NYS2d 679]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered October 3, 2007, which granted the motion of defendant USA Cycling, Inc. for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

The record establishes that USA Cycling merely sanctioned, i.e., lent its name to, the bicycle race during which plaintiff spectators were struck by the three-wheel scooter operating as the rear pace vehicle. Since it had no control over the race, USA Cycling had no duty to prevent any negligence involved therein (*see e.g. Mauro v City of Yonkers*, 282 AD2d 720 [2001]). The fact that USA Cycling provided its rule book to defendant Van Dunk, the organizer of the race, did not impose a duty upon USA Cycling to enforce any of the rules therein (*see id.*). Nor does the fact raise an inference as to the existence of a principal-agency relationship between USA Cycling and Van Dunk. Concur—Tom, J.P., Williams, McGuire and Freedman, JJ.