RUTH E. DiBARTOLOMEO, Individually and as Executor of AMEDEO DiBARTOLOMEO, Deceased, Respondent, v ST. PETER'S HOSPITAL OF THE CITY OF ALBANY, Appellant. [901 NYS2d 389]—

Stein, J. Appeal from an order of the Supreme Court (Teresi, J.), entered October 14, 2009 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Amedeo DiBartolomeo fell and struck his head while attempting to descend a temporary curb ramp placed on defendant's property as part of a construction project. As a result of the fall, DiBartolomeo suffered a fractured skull and died 20 days later from complications due to a intracerebral hemorrhage. Plaintiff, DiBartolomeo's wife, commenced this action based on premises liability, alleging that DiBartolomeo's injuries and resultant death were due to the defective condition of the ramp. Defendant moved for summary judgment dismissing the complaint, asserting that plaintiff was unable to establish that any negligence of defendant was the proximate cause of DiBartolomeo's injuries or that defendant had notice of the alleged defective condition. Supreme Court denied the motion, prompting this appeal.

We affirm. Defendant's sole contention on appeal is that it is entitled to summary judgment because plaintiff is unable to provide direct evidence of the proximate cause of DiBartolomeo's fall. We disagree. Unlike at trial, where plaintiff will bear the initial burden of establishing that defendant's negligence was the proximate cause of DiBartolomeo's fall, on this motion for summary judgment, defendant bears the initial burden of demonstrating its entitlement to judgment as a matter of law by proffering evidentiary proof in admissible form (see Rothbard v Colgate Univ., 235 AD2d 675, 678 [1997]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068 [1979]). Only if that burden is met does the burden then shift to plaintiff to raise a triable issue of fact (see Friends of Animals v Associated Fur Mfrs., 46 NY2d at 1068).

Here, defendant supported its motion for summary judgment

with an attorney's affidavit and the exhibits attached thereto. Inasmuch as defendant's attorney had no personal knowledge of the facts, Supreme Court correctly determined that her affidavit did not provide a factual basis for the relief sought. Furthermore, to the extent the exhibits submitted with such affidavit were in admissible form, they failed to establish that defendant maintained its property in a reasonably safe condition or that defendant did not create the allegedly dangerous condition or have actual or constructive knowledge thereof, as necessary to establish its entitlement to judgment as a matter of law (*see Montuori v Town of Colonie*, 277 AD2d 643, 644 [2000]). Likewise, defendant failed to demonstrate, as a matter of law, that the alleged condition of the ramp was not a proximate cause of the accident (*see Mazzio v Highland Homeowners Assn. & Condos*, 63 AD3d 1015, 1016 [2009]) or that DiBartolomeo's actions "were unforeseeable or of such a character as to constitute a superseding cause absolving [it] from potential liability" (*id.*; *see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 312 [1980]). Defendant's argument that it was not required to demonstrate those facts because plaintiff cannot establish the proximate cause of DiBartolomeo's accident is unavailing, as defendant's burden may not be met by pointing to gaps in plaintiff's proof (*see Dow v Schenectady County Dept. of Social Servs.*, 46 AD3d 1084, 1084 [2007]; *Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md.*, 272 AD2d 818, 821 [2000]; *Rothbard v Colgate Univ.*, 235 AD2d at 678). Thus, the burden never shifted to plaintiff to demonstrate a triable issue of fact and Supreme Court properly denied defendant's motion on that basis.

However, even if defendant had met its initial burden of proof, a view of the evidence in the light most favorable to plaintiff leads to the conclusion that plaintiff raised a question of fact sufficient to defeat defendant's motion (*see generally Reynolds v Sead Dev. Group*, 257 AD2d 940, 941 [1999]). "As a general rule, the question of proximate cause is to be decided by the finder of fact" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d at 312). While it is true that a material issue of fact may not rest upon speculation (*see Piccirillo v Beltrone-Turner*, 284 AD2d 854, 855-856 [2001]), "[t]he absence of direct evidence does not require a ruling in defendant['s] favor, for proximate cause may be inferred from the facts and circumstances surrounding the event" (*see Ellis v County of Albany*, 205 AD2d 1005, 1007 [1994]). Here, plaintiff testified that the surface on which she and her husband were walking just before he fell was uneven. Plaintiff also submitted evidence that there was a depression in the ramp approximately one-half-inch deep and measuring ap-

proximately 8½ inches wide by 8½ inches long and that the distance between this depression to a blood stain where DiBartolomeo's head hit the ground was the same as DiBartolomeo's height. This evidence presented a theory of liability—that DiBartolomeo lost his balance and fell when traversing the depression in the ramp—and facts in support thereof on which a jury could base a verdict (*compare Kane v Estia Greek Rest.*, 4 AD3d 189, 190-191 [2004]; *Piccirillo v Beltrone-Turner*, 284 AD2d at 856). Accordingly, Supreme Court properly denied defendant's motion.

Peters, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, with costs. **[Prior Case History: 2009 NY Slip Op 31941(U).]**