Palmatier v Mr. Heater Corp. (2018 NY Slip Op 05238)





Palmatier v Mr. Heater Corp.


2018 NY Slip Op 05238


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

524733

[*1]SARAH PALMATIER, Respondent,
v
MR. HEATER CORPORATION et al., Defendants, and ENERCO GROUP, INC., et al., Appellants.

Calendar Date: May 31, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Rumsey, JJ.


Carter, Conboy, Case, Blackmore, Maloney & Laird, PC, Albany (Edward D. Laird Jr. of counsel), for appellants.
Mainetti Mainetti & O'Connor, PC, Kingston (Michael E. Kolb of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Supreme Court (Gilpatric, J.), entered January 17, 2017 in Ulster County, which, among other things, denied a motion by defendants Enerco Group, Inc. and Tractor Supply Company for partial summary judgment.
In December 2009, plaintiff's clothing ignited while she stood near an unvented propane room heater in a store. She commenced two personal injury actions — later consolidated — against, as pertinent here, the entities that allegedly designed, manufactured, distributed and sold the heater, including defendants Enerco Group, Inc. and Tractor Supply Company (hereinafter collectively referred to as defendants)[FN1]. After discovery, defendants moved jointly for relief that included partial summary judgment dismissing plaintiff's failure to warn claims against them. [*2]Supreme Court denied that aspect of the motion. Defendants appeal.
"[A] plaintiff may recover in strict products liability or negligence for a manufacturer's failure to warn of risks and dangers associated with the use of its product[,] . . . and liability may be imposed based upon either the complete failure to warn of a particular hazard or the inclusion of warnings that are insufficient" (DiMura v City of Albany, 239 AD2d 828, 829 [1997] [internal citations omitted]; see Fisher v Multiquip, Inc., 96 AD3d 1190, 1192 [2012]). A manufacturer is obliged "to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known and to warn of the danger of reasonably foreseeable unintended uses of [the] product" (Barclay v Techno-Design, Inc., 129 AD3d 1177, 1180 [2015] [internal quotation marks, ellipsis, brackets and citation omitted]). Plaintiff's failure to warn claim is based upon theories that the warnings on the heater were too small and inconspicuous to provide a sufficient warning and that their content was inadequate. In support of their summary judgment motion, defendants argued that the warnings on the heater were adequate and, further, that plaintiff cannot recover against them in any event, as she cannot establish that any alleged insufficiency in the warnings was the proximate cause of her injuries.
Defendants cast their arguments on appeal in terms of plaintiff's alleged burdens of proof. However, as the proponents of summary judgment, it was defendants' burden at the outset to establish their prima facie entitlement to summary judgment (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Rothbard v Colgate Univ., 235 AD2d 675, 678 [1997]). They supported their claim that the warnings were adequate with evidence that the Canadian Standards Association (hereinafter CSA) had certified that the heater model that had been installed in the store complied with performance standards established for unvented propane heaters by the American National Standards Institute (hereinafter ANSI), including standards for warning labels. In addition to the certification documents, defendants provided excerpts from the testimony of several CSA employees who described the pertinent ANSI standards and certification procedures. One of the employees stated that, as part of the certification process, he had reviewed the warnings on this heater model and had determined that they complied with ANSI standards. Notably, defendants submitted no expert testimony to establish that compliance with these standards is sufficient to demonstrate that a product's warning label is adequate (compare Fisher v Multiquip, Inc., 96 AD3d at 1192-1193), nor did they show that the warnings on the heater that was actually installed in the store — as opposed to the model that CSA examined — complied with ANSI standards. Nevertheless, even assuming that defendants' proof was sufficient to establish on a prima facie basis that the warnings were adequate and to shift the burden to plaintiff to establish the existence of a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 323 [1986]), we find that plaintiff did so.
Plaintiff submitted the pertinent ANSI standard for warning labels on unvented propane heaters, which specifies certain language to be used in such warnings and establishes minimum heights for the warning's lettering and a minimum distance at which the warnings must be legible. Plaintiff further submitted photographs of the warning label on an exemplar heater matching the one at issue here, supported by an affidavit from the professional photographer who took the pictures. The photographer averred that he had been retained to provide photographic evidence of the size and legibility of the letters on the heater's label, described the procedures and equipment he had used to do so and set forth the measurements he had obtained. The photographs depicted, among other things, the height of the letters on the heater's label as measured with precision calipers. Plaintiff's counsel asserted in his affirmation that these letter heights are significantly smaller than the ANSI standard's minimum requirements and are [*3]therefore too small and inconspicuous to comply with that standard or to constitute an adequate warning label. Counsel also asserted that, as shown in other photographs, the warning label failed to comply with the ANSI standard's requirement to be legible at a specified distance, and that the photographs further revealed that the warnings on the label differed from the ANSI standard in that the required language was not displayed as a unit but was, instead, interspersed among directions for the heater's installation and operation.
We reject defendants' argument that this evidence is inadmissible because plaintiff's counsel lacked personal knowledge of the operative facts and the photographer lacked the requisite technical knowledge to determine whether the label met ANSI standards. Counsel's affirmation appropriately "serve[d] as the vehicle for the submission of" the photographs and the photographer's affidavit (Zuckerman v City of New York, 49 NY2d at 563), and his arguments regarding the label's compliance with ANSI standards were based upon the evidence and not on any purported personal knowledge. The photographer, in turn, offered no opinions related to ANSI standards, and nothing in his affidavit, the photographs or his measurements was "beyond the ken of the typical juror" (Mariano v Schuylerville Cent. School Dist., 309 AD2d 1116, 1118 [2003] [internal quotation marks and citation omitted]; see Galasso v 400 Exec. Blvd., LLC, 101 AD3d 677, 678 [2012]). "[I]n all but the most unusual circumstances, the adequacy of a warning is a question of fact" (Polimeni v Minolta Corp., 227 AD2d 64, 67 [1997]). Here, there are factual issues for a jury to resolve as to the adequacy of the heater's warnings.
Defendants nevertheless contend that the evidence demonstrates as a matter of law that any alleged failure to provide adequate warnings was not a proximate cause of plaintiff's injuries. The submissions demonstrate that the heater was the sole source of heat for the store. It was located in the store's main public area, near the door to the bathroom. The incident occurred in December. Plaintiff testified that she spent several minutes in the bathroom immediately before the accident. The unheated room was cold and so, upon emerging, plaintiff walked directly to the heater to warm herself. She testified that she did not look at the heater as she did so, that her eyes were on her nearby belongings, that she knew when she had reached the heater by feeling its warmth and that she turned her back and stood close to the heater to warm her legs and body. After 5 to 10 seconds, her clothing ignited. Defendants argue that, since plaintiff acknowledges that she did not look at the heater as she approached it, she cannot establish that she would have read and heeded any warnings and thus cannot prove that a failure to provide adequate warnings was a proximate cause of the accident.
Initially, plaintiff argues that the phrase "proximate cause" did not appear in defendants' motion papers, and there was no mention of plaintiff's testimony that she did not look at the heater in the moments before the accident. Upon review, we find that defendants raised the question of causation in their submissions, arguing that plaintiff did not read the warnings on the heater, that the incident would not have occurred if she had read and heeded them and that her failure to read them was not caused by any deficiency in the way the warnings were printed or displayed. In their reply papers, defendants elaborated on these causation arguments by asserting that plaintiff offered no evidence that she had ever looked at the heater [FN2]. Their counsel used the [*4]term "proximate cause" during oral argument of these contentions, and Supreme Court specifically noted the argument in its decision. Thus, "[t]he arguments were sufficient to alert Supreme Court to the relevant question [of causation] and sufficiently preserved the legal issue for appellate review" (Geraci v Probst, 15 NY3d 336, 342 [2010]). Further, even if the claim had not been preserved, it raised "issue[s] of law which appeared upon the face of the record and could not have been avoided by plaintiff if brought to [her] attention at the proper time" (Highbridge Dev. BR, LLC v Diamond Dev., LLC, 67 AD3d 1112, 1114 n 2 [2009] [internal quotation marks, brackets and citations omitted]).
Turning to the merits of the causation claim, the evidence established that the day of the accident was not the first time that plaintiff had seen the heater. In the months before the accident, she had been a frequent visitor to the store and had sometimes voluntarily assisted the owner. Contrary to defendants' assertions, she did not testify that she had never looked at the heater during these previous visits; instead, her testimony established that she had seen the heater and was familiar with its appearance. During her deposition, she correctly identified a photograph of the heater, stating that the appliance in the picture "look[ed] like the space heater" in the store. She testified that, twice before, she had stood "[s]ideways" close to the heater to warm herself, standing within a foot of it on one of these occasions. When asked whether the heater appeared to be operating normally, she responded, "Yes. It looked like it had before." Plaintiff testified that she had never noticed any warning labels or instructions on the heater. When photographs of the warnings on the heater were shown to her, she stated that she did not remember having seen them before. Thus, plaintiff's testimony that she did not look at the heater immediately before the accident does not establish as a matter of law that she would not have seen and read sufficiently conspicuous warnings on prior occasions and heeded them at the time of the accident.
Finally, defendants contend that plaintiff did not submit evidence that she would have read and heeded the warnings if she had known that they were there. However, their burden as the proponents of summary judgment to submit admissible evidence establishing their prima facie entitlement to judgment as a matter of law cannot be satisfied by pointing to alleged gaps in plaintiff's proof (see Overocker v Madigan, 113 AD3d 924, 925 [2014]; Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md., 272 AD2d 818, 821 [2000]; Rothbard v Colgate Univ., 235 AD2d at 678). Defendants submitted no evidence that plaintiff would not have read the warnings if she had known that they were there, such as testimony that she habitually ignored product warnings or believed that she did not need to read them (see e.g. Reis v Volvo Cars of N. Am., Inc., 73 AD3d 420, 423 [2010]; Guadalupe v Drackett Prods. Co., 253 AD2d 378, 378 [1998]; Upfold v Generac Corp., 224 AD2d 1021, 1022 [1996]). On the contrary, plaintiff testified that she owned two propane heaters of a different model, as well as two electrical heaters, and that she had read the warning labels on all of them. The only record evidence as to the reason for her failure to read the warnings on the heater was her testimony that she had never noticed them.
Whether a breach of duty was a proximate cause of a plaintiff's injuries is generally a factual issue to be resolved by a jury (see Evarts v Pyro Eng'g, Inc., 117 AD3d 1148, 1150 [2014]; Grant v Nembhard, 94 AD3d 1397, 1398 [2012]; Finnigan v Lasher, 90 AD3d 1286, [*5]1287 [2011]). Here, defendants failed to establish that "only one conclusion [as to proximate cause] may be drawn from the established facts [such that] the question of legal cause may be decided as a matter of law" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]). Thus, Supreme Court properly denied defendants' motion for summary judgment dismissing the failure to warn claim against them.
Egan Jr., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1:This matter has given rise to several other appeals (160 AD3d 1093 [2018]; 159 AD3d 1084 [2018]; 156 AD3d 1178 [2017]; 156 AD3d 1167 [2017]), including one decided herewith.

Footnote 2:Contrary to plaintiff's argument, this assertion was so closely related to defendants' other causation claims that it was not the kind of wholly new argument that deprives the opposing party of a chance to respond such that it cannot be raised for the first time in reply papers (compare Jones v Castlerick, LLC, 128 AD3d 1153, 1154 [2015]).