■ DDP MICROSYSTEMS, INC., Respondent, v TILDEN FINANCIAL CORP., Appellant. — Order and judgment of the Supreme Court, New York County (Tyler, J.), entered October 26, 1981, which granted plaintiff's motion for summary judgment, denied defendant's cross motion for summary judgment and awarded judgment for plaintiff in the sum of $10,066.41, is unanimously modified, on the law, without costs, to the extent of denying plaintiff's motion for summary judgment and otherwise affirmed. Defendant Tilden Financial Corporation (Tilden) is engaged in the business of purchasing certain equipment and then leasing it to professional and business entities, who themselves either cannot afford or, for some other reason, choose not to buy the hardware outright. Plaintiff DDP Microsystems, Inc. (DDP) sells small electronic com-

puter systems and services. Plaintiff contends that its president, Richard Bock, was informed by Edward Ingram, one of defendant's salesmen and account executives, that the credit of Weekend Sports Co., Inc. (WESCO), a potential customer of DDP and a proposed lessee of Tilden, had been approved and that plaintiff was authorized to deliver two computer systems to WESCO. After delivery was effected, and Bock had notified Ingram of that fact, Ingram advised him to send an invoice to Tilden. Bock immediately complied and, for three months, received no objections to the bill or the equipment. However, when DDP attempted to collect, defendant refused to pay for the order. Defendant denies ever entering into a purchase agreement with plaintiff for the computers. Tilden also asserts that since it was never informed of the delivery of the computer systems, it assumed that there had been no such delivery. DDP, moreover, never received an acknowledgment of delivery on defendant's authorized form although plaintiff knew that Tilden would consent to the delivery only if such a procedure were followed. In addition, plaintiff failed to secure the required leasehold agreement and the personal guarantee of the proposed lessee's principal. Defendant further alleges that in the two previous transactions between Tilden and DDP, plaintiff had secured execution of the leases and obtained delivery receipts on forms supplied by defendant. Pursuant to the parties' prior course of dealings, defendant would pay only upon execution of a purchase order, followed by Tilden's approval of the lessee's credit and installation of the equipment by plaintiff, who would then transmit to defendant a delivery receipt prepared by Tilden. Special Term, in granting summary judgment to plaintiff, based its decision on the fact that defendant was promptly invoiced for the computer equipment and never expressed any objection thereto during the three months that elapsed before the instant action was commenced. However, DDP has not submitted any writing to indicate that a contract of sale had ever been entered into between plaintiff and defendant. Thus, even if it is assumed that defendant's failure to give plaintiff written notice of any objections to the contents of the invoice can be deemed to satisfy the requirements of the Statute of Frauds (Uniform Commercial Code, § 2-201), and defendant has advanced several arguably meritorious grounds in support of its claim that section 2-201 of the Uniform Commercial Code is inapplicable to the instant situation, plaintiff still has the burden of proving the existence of an oral agreement. Since there are a number of unresolved factual and legal issues, both with regard to the alleged oral contract and otherwise, summary judgment was inappropriate. Concur — Kupferman, J. P., Sullivan, Markewich and Milonas, JJ.