[682 NYS2d 711]

MITCHELL H. GORDON, Appellant, v MICHAEL H. URBACH, as
Commissioner of the State of New York Department of
Taxation and Finance, et al., Respondents.

Third Department, December 30, 1998

APPEARANCES OF COUNSEL

*Crisona & Schwartz, L. L. P.,* New York City (*Richard A. Schwartz* of counsel), for appellants.

*Dennis C. Vacco, Attorney-General,* Albany (*Andrew D. Bing* of counsel), for Michael H. Urbach and others, respondents.

## OPINION OF THE COURT

CREW III, J.

Between August 1991 and August 1995, defendant Commissioner of Taxation and Finance issued eight tax warrants against Coronet Properties Company for unpaid taxes, interest and penalties totaling approximately $7 million. Six of the warrants were issued for taxes imposed under Tax Law former article 31-B (real property transfer gains tax),[1] one warrant for taxes imposed under Tax Law article 31 (real estate transfer tax) and the remaining warrant for taxes imposed under Tax Law article 30 (New York City personal income tax). The State Department of Taxation and Finance (hereinafter the Department) thereafter issued five notices of determination to plaintiff as a person responsible for the taxes due under Tax Law former article 31-B, together with interest and penalties, totaling approximately $5 million.[2]

The Department's collection efforts proved unsuccessful and, citing "the anticipated workload required [to collect] the substantial amounts owed by Coronet and [its] own limited re-

---

1. Tax Law article 31-B was repealed effective July 13, 1996 as to transfers occurring on or after June 15, 1996 but remains in full force and effect with regard to all such taxes incurred prior to the effective date (*see,* L 1996, ch 309, §§ 171, 469 [6] [a]).

2. Plaintiff served as in-house counsel to Coronet and also served as a vice-president and assistant secretary of GSR Corporation, a general partner of GSR Associates which, in turn, is a general partner of Coronet. Plaintiff's administrative challenge to the notices of determination apparently is pending.

sources", the Department decided to retain outside counsel in March 1996—namely, defendant Cooper, Erving, Savage, Nolan & Heller L. L. P., (hereinafter Cooper Erving)—to represent it in the enforcement proceedings against Coronet. Oral approval for such arrangement was granted by a Deputy Attorney-General and, ultimately, both the Attorney-General and the Comptroller executed and approved the retainer agreement entered into between the Department and Cooper Erving.

Insofar as is relevant to this appeal, plaintiff thereafter commenced this declaratory judgment action against, among others, the Commissioner, Cooper Erving and defendant Deputy Commissioner of Taxation and Finance seeking, *inter alia*, a declaration that the payment of legal fees to Cooper Erving for the performance of certain collection services constituted a misappropriation of State funds. Defendants moved to dismiss the complaint asserting, *inter alia*, that plaintiff lacked standing to maintain this action. Plaintiff then cross-moved for summary judgment and defendants filed papers in opposition thereto. Supreme Court, *inter alia*, granted defendants' motions to dismiss the complaint and this appeal ensued.

State Finance Law § 123-b (1) permits any person who is a citizen taxpayer to maintain an action for equitable or declaratory relief "against an officer or employee of the state who in the course of his or her duties has caused, is now wrongful causing, or is about to cause a wrongful expenditure, misappropriation, misapplication, or any other illegal or unconstitutional disbursement of state funds".[3] As such, plaintiff's allegation that the payment of legal fees to Cooper Erving for collection services rendered constitutes a misappropriation of State funds is sufficient to confer standing upon plaintiff for that limited purpose.

In this regard, we note that plaintiff devotes a substantial portion of his brief to challenging the process by which Cooper Erving was hired. Specifically, plaintiff argues at length that neither the Department nor the Commissioner had any authority to retain outside counsel to pursue collection matters against Coronet and, further, that whatever authority the Attorney-General had in this regard could not be delegated. This issue need not detain us, however, for two reasons. First, plaintiff's improper delegation claim does not in any way

---

**3.** State Finance Law § 123-b (2) permits the plaintiff in such action to join as a party defendant the recipient or intended recipient of such funds, which in this case was Cooper Erving.

implicate the wrongful expenditure, misappropriation or misapplication of State funds and, hence, State Finance Law § 123-b does not confer standing upon plaintiff with respect to any challenge to the process by which Cooper Erving was retained. Additionally, inasmuch as the Attorney-General essentially ratified the Department and Commissioner's actions—first by granting oral approval of the underlying arrangement and then by executing the retainer agreement, which, as noted previously, also was approved by the Comptroller—plaintiff's challenge to the process employed here is academic. Defendants' remaining arguments in support of dismissal—namely, that plaintiff is barred from maintaining this action by laches and/or collateral estoppel—have been examined and found to be unpersuasive.

█ Turning to the merits,[4] we are persuaded that the relevant provisions of the Tax Law do not preclude the Attorney-General from retaining outside counsel to collect taxes due under Tax Law articles 30 and 31 and former article 31-B. With respect to taxes imposed under Tax Law former article 31-B, Tax Law § 1449 (1) provides, in relevant part, as follows: "Whenever any transferor shall fail to pay any tax, penalty or interest imposed by this article, the attorney general shall, upon the request of the tax commission, *bring or cause to be brought* an action to enforce the payment of the same on behalf of the state of New York" (emphasis supplied). Substantially similar language may be found in Tax Law § 1414 (a) governing taxes imposed under Tax Law article 31: "Whenever any person shall fail to pay any tax, penalty or interest imposed by this article, the attorney general shall, upon the request of the commissioner of taxation and finance, *bring or cause to be brought* an action to enforce the payment of the same on behalf of the state of New York" (emphasis supplied). Finally, as to the taxes imposed under Tax Law article 30, the administration and collection of which are governed by Tax Law article 22 (*see*, Tax Law § 1312 [a]), Tax Law § 692 (h) provides that "[an] action *may* be brought by the attorney general at the instance of the tax commission in the name of the state to recover the amount of any unpaid taxes, additions to tax, penalties or inter-

---

4. Although Supreme Court's order, *inter alia*, granted defendants' motions to dismiss the complaint, the court, in reality, granted summary judgment in favor of defendants. Inasmuch as the parties have charted that course and have fully briefed the merits of the underlying dispute on appeal, we will consider whether defendants are entitled to a declaration in their favor.

est which have been assessed under this article within six years prior to the date the action is commenced" (emphasis supplied).

In our view, the "bring or cause to be brought" language set forth in Tax Law § 1414 (a) and § 1449 (1) is sufficiently broad to permit the Attorney-General to retain outside counsel to perform enforcement and collection services with respect to taxes imposed under Tax Law article 31 and former article 31-B. While the language contained in Tax Law § 692 (h) is not nearly as expansive, such text certainly cannot be read as precluding the Attorney-General from retaining outside counsel to pursue available enforcement mechanisms as to taxes due under Tax Law article 30. Thus, we conclude that Supreme Court appropriately found that the Attorney-General is not prohibited from retaining outside counsel to engage in collection services with respect to the taxes owed by Coronet. Plaintiff's remaining contentions have been examined and found to be lacking in merit. Accordingly, Supreme Court's order is modified to the extent of issuing a declaration in favor of defendants.

CARDONA, P. J., MIKOLL, WHITE and YESAWICH JR., JJ., concur.

Ordered that the order is modified, on the law, without costs, by declaring that it has not been shown that defendant Commissioner of Taxation and Finance, defendant Deputy Commissioner of Taxation and Finance or defendants John Does 1-100 illegally or improperly retained defendant Cooper, Erving, Savage, Nolan & Heller L. L. P., to perform certain legal services in this matter, and, as so modified, affirmed.