■ WILLIAM ROUSHIA, Respondent, v OLEN HARVEY et al., Appellants. [714 NYS2d 800] —Cardona, P. J. Appeal from an order of the Supreme Court (Dawson, J.), entered June 2, 1999 in Clinton County, which denied defendants' motion for summary judgment dismissing the complaint.

In 1992, plaintiff began working as an independent owner/ truck driver for defendant Harvey & Company, Inc. (hereinafter defendant). In June 1995, he purchased a 1996 Peterbilt tractor for the sum of $98,000 paying $10,500 as a downpayment. Defendant, through a third party, financed the balance of the purchase price and retained legal title to the tractor. Plaintiff made monthly loan payments of $1,900 to defendant through weekly deductions from his wages. In September 1997, plaintiff ceased working for defendant. Defendant's president, defendant Olen Harvey, demanded that plaintiff pay approximately $5,000 he claimed was owed on the tractor. In the event that was not done, Harvey indicated it would be seized.

When plaintiff refused, Harvey removed the tractor from plaintiff's property.

In October 1997, plaintiff commenced this action seeking, *inter alia*, a determination vesting him with legal title to the tractor and an order restraining defendant from disposing of it.* In his second amended complaint, plaintiff alleged causes of action for, *inter alia*, replevin, conversion, trespass, equitable title, breach of contract and constructive trust, and sought monetary damages as well as injunctive relief. Following joinder of issue, defendants made a motion for summary judgment dismissing the complaint returnable March 12, 1999. Plaintiff did not file papers in opposition to the motion until March 26, 1999, the date of oral argument. Supreme Court denied defendants' motion resulting in this appeal.

In support of their motion for summary judgment, defendants provided a copy of the conditional sales agreement revealing that defendant was the party solely responsible for making the loan payments. In addition, Harvey submitted an affidavit in which he averred that plaintiff agreed to act as an independent contractor/driver for defendant until he had fully paid for the tractor at which time legal title would be transferred to him. According to Harvey, plaintiff voluntarily stopped working for defendant before the loan was paid in full and was $4,770.25 in arrears. He indicated that when plaintiff neglected to bring the account current, he repossessed the tractor. In light of the foregoing, defendants maintain that there are no issues of fact concerning their right to repossess the tractor and that Supreme Court erred in denying their motion.

We disagree. In his October 8, 1997 affidavit in support of the order to show cause commencing the action, plaintiff averred that defendant obtained the financing for the tractor as a convenience to him and that Harvey had agreed to transfer title within six months of the purchase. According to plaintiff, at the time he informed Harvey that he no longer wished to work for defendant, he was owed a credit of $280.29 as a result of overpayments made on the tractor. In our view, resolution of the controversy at hand turns upon the parties' oral agreement and plaintiff's payment history, matters which are the subject of considerable disagreement. Insofar as defendants have failed to establish as a matter of law that they were entitled to repossess the tractor under the circumstances presented, their motion was properly denied (*see, e.g., Prince v O'Brien*, 234 AD2d

* While Supreme Court granted plaintiff a preliminary injunction restraining Harvey from selling the tractor, that order was subsequently reversed on appeal (*see*, 260 AD2d 687).

12; *DDP Microsystems v Tilden Fin. Corp.*, 88 AD2d 875). We further note that since defendants did not satisfy their initial burden of demonstrating entitlement to summary judgment, we need not consider whether Supreme Court erred in considering plaintiff's untimely papers in opposition.

Crew III, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.