GEORGE SARRIS, Appellant, v TOWN OF CLIFTON PARK, Respondent. [832 NYS2d 305]—

Cardona, P.J. Appeal from an order of the Supreme Court (Ferradino, J.), entered July 28, 2006 in Saratoga County, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff, a state and federally-licensed wildlife rehabilitator, and his wife own an approximately 2.5-acre improved parcel of land in the Town of Clifton Park, Saratoga County, which is zoned for both residential (R-1) and land conservation (L-C) uses. The property, purchased in 1999, is surrounded by other residential dwellings such as single-family homes. As relevant herein, the parcel is roughly 108,900 square feet, with nearly two thirds, or approximately 72,000 square feet, in the L-C zone and designated as protected wetlands. There is a pond on the parcel and it is undisputed that plaintiff has provided a home for several disabled or rare ducks and geese, as well as a pair of Mute Swans.

In August 2003, plaintiff submitted an application to defendant's Zoning Board of Appeals for an area variance, seeking to conduct "small-scale poultry husbandry" on his property. This application was premised upon Town of Clifton Park Zoning Code § 208-10 (B) (1) (a), which requires a minimum lot size of five acres for a resident to keep poultry.[1] In September 2003, after a public hearing, plaintiff's application was denied and he did not appeal that determination. Thereafter, defendant's employees inspected plaintiff's property, upon complaints received from plaintiff's neighbors,[2] and issued an appearance ticket charging plaintiff with violating Town of Clifton Park Zoning Code § 208-10 (B) (1) (a). Plaintiff was determined to be in

---

**1.** Specifically, Town of Clifton Park Zoning Code § 208-10 (B) (1) (a) provides that, in an R-1 district, "The following uses are prohibited on lots smaller than five acres in size: [1] Keeping livestock or poultry, such as hogs, cows, horses, goats or chickens."

**2.** A separate private nuisance action regarding these activities, commenced by plaintiff's neighbors, is not at issue herein.

violation of that provision and fined. Subsequently, plaintiff received a written demand to remove the resident waterfowl. Plaintiff failed to comply and, due to additional complaints from plaintiff's neighbors, defendant's zoning enforcement officer performed another inspection in January 2005, which resulted in the issuance of the appearance ticket for violating the Town of Clifton Park Zoning Code by "keeping domestic ducks in an R-1 zone on less than five acres."

In February 2005, plaintiff commenced this action seeking a declaration that the harboring of domestic ducks and geese on his property was permitted because the resident waterfowl were not "poultry" under defendant's zoning code and, additionally, since a portion of his property was located in a L-C zone, he was allowed to maintain a nature preserve as "a habitat for wild birds, including ducks and geese." In July 2005, Supreme Court denied plaintiff's motion for summary judgment, finding that the ducks and geese fit within the definition of "poultry" as contemplated by defendant's zoning code.[3] Subsequently, plaintiff retained new counsel and moved again for summary judgment, specifically seeking a declaration that (1) he is legally entitled to maintain ducks and geese on his property, (2) he may create a nature preserve on the L-C portion of his property without seeking further approval from defendant, and (3) his activities do not violate defendant's zoning code. Defendant cross-moved for summary judgment dismissing the complaint, arguing that the wetlands on plaintiff's property cannot legally be used as a "nature preserve." Supreme Court denied plaintiff's second motion for summary judgment and granted defendant's cross motion, directing plaintiff to remove the resident ducks, geese and swans from the property. This appeal ensued.

Plaintiff maintains that because utilization of L-C district land as a nature preserve is a permitted "use" under the Town of Clifton Park Zoning Code, his activities consistent with such a purpose may not be restricted. We do not agree. While there is no question that the establishment of a nature preserve, game preserve or similar use is allowed pursuant to Town of Clifton Park Zoning Code § 208-69.2 (A) (1), the plain language of a different provision, namely Town of Clifton Park Zoning Code § 208-70, states specifically that the uses delineated in section

---

**3.** Although the final order dismissing the complaint brings up for review all interlocutory orders (*see Madden v Dake*, 30 AD3d 932, 935 n 2 [2006]), plaintiff does not challenge on appeal Supreme Court's finding regarding the definition of "poultry" for purposes of defendant's zoning code, therefore, we deem that issue to be abandoned.

208-69.2 require a threshold area of 100,000 square feet of property in a L-C district (*see* Town of Clifton Park Zoning Code § 208-70 [A]). Since it is undisputed that only 72,000 square feet of plaintiff's property is in the L-C district, his property cannot meet this requirement.

Inasmuch as the plain language of defendant's zoning code is unambiguous, unless the Zoning Board's interpretation of a provision of the zoning code is irrational or unreasonable, its interpretation is entitled to deference (*see Matter of Frishman v Schmidt*, 61 NY2d 823, 825 [1984]; *Matter of Town of Johnsburg v Town of Johnsburg Zoning Bd. of Appeals*, 299 AD2d 796, 799 [2002]). Here, we conclude that application of the area requirements contained in Town of Clifton Park Zoning Code § 208-70 (A) to plaintiff's property is not unreasonable and, in fact, is a rational and proper interpretation of the zoning code (*see Matter of Frishman v Schmidt, supra* at 825; *Matter of Town of Johnsburg v Town of Johnsburg Zoning Bd. of Appeals, supra* at 799). Accordingly, Supreme Court did not err in awarding summary judgment to defendant.

Plaintiff's remaining arguments, including his contention that the interpretation of the zoning code advanced by defendant will result in an unconstitutional taking of his property, have been examined and found to be unpersuasive.

Finally, given our conclusion that Supreme Court properly granted summary judgment dismissing the complaint, we modify its order to the sole extent of issuing a declaration in defendant's favor (*see Gordon v Urbach*, 252 AD2d 94, 98 [1998], *lv denied* 93 NY2d 804 [1999]).

Mercure, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by declaring that the Town of Clifton Park Zoning Code does not permit plaintiff to harbor ducks and geese on his property or maintain a nature preserve therein and, as so modified, affirmed.