(June 19, 2007)

■ W. Norman Scott, Appellant, v Beth Israel Medical Center, Inc., et al., Respondents. [838 NYS2d 521]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered May 18, 2006, which, upon defendants' motion for partial summary judgment dismissing the first two causes of action, dismissed the complaint, unanimously reversed, on the law, with costs, the motion denied and the complaint reinstated.

An employment contract, providing a minimum salary of $1.75 million for the services of plaintiff Dr. Scott as chairman of the Orthopedic Department of defendant hospital (Beth Israel) and for the fees generated in his faculty medical practice, contained the following relevant provisions:

Paragraph 10 (b): "your employment may be terminated by [Beth Israel] at any time prior to the end of the Term for cause. In regard to [Beth Israel]'s right to terminate your employment, cause shall include your . . . failure to satisfactorily perform any of your material obligations hereunder."

Paragraph 10 (c) (the severance payment clause): "In the event [Beth Israel] breaches their Agreement and terminates your employment without cause, you will continue to receive your annual salary and [supplemental income] as provided in

Paragraphs 2 and 3 through the earlier of the fourth anniversary of the first Extension Date following such termination or your sixty-fifth birthday (the 'Imputed End of Term'); provided, however, that from the date of such termination through the Imputed End of Term, you do not provide medical, administrative or other services of a nature similar to those described in Paragraph 1 on behalf of yourself or any other entity."

Paragraph 10 (e): "Circumstances Entitling You to Severance. You will be entitled to receive severance pay from [Beth Israel] . . . [if] [y]our employment is terminated by [Beth Israel] as described in Paragraph 10 (c); provided, however, that . . . following the end of the Term or the Imputed End of Term, as applicable, through the Severance Termination Date (as defined below), you do not provide medical, administrative or other services of a nature similar to those described in Paragraph 1 on behalf of yourself or any other entity."

In early 2004, after Dr. Scott's employment contract had been extended to 2008, Beth Israel informed Dr. Scott that its Singer Division would be terminated and the land sold. Attempts by Dr. Scott to initiate employment discussions with other hospitals with respect to himself and other staff orthopedists were thwarted by Beth Israel; ultimately, the parties entered into an interim agreement dated May 25, 2004, whereby Dr. Scott agreed to continue working at Beth Israel until December 31, 2004 or until the Singer Division closed, whichever was earlier. A month later, Dr. Scott participated in a public protest of the Singer Division closure in front of the hospital.

By letter dated July 15, 2004, Dr. Scott was terminated for cause, effective August 3, 2004, on the grounds that his participation in the public protest and his alleged attempts to induce several of the department's physicians to leave Beth Israel were breaches of his contract and of his loyalty to Beth Israel. On August 3, 2004, the Singer Division closed and Dr. Scott opened a private medical practice in Manhattan and began performing surgery at Lenox Hill Hospital.

Dr. Scott asserts six causes of action, the first two of which allege damages in excess of $29 million for Beth Israel's termination of him without cause and failure to pay him severance in breach of the contract. The remaining causes of action allege interference with business relations, unfair competition, violation of the Lanham Act, and false advertising.

Although the motion court determined that defendants did not establish that plaintiff was terminated for cause as a matter of law, it sua sponte dismissed the complaint, adopting Beth Israel's argument that by opening his own practice immediately

after his termination plaintiff forfeited his right to any severance payment under the employment contract. This was error. A court may search the record and grant summary judgment in favor of a nonmoving party (CPLR 3212 [b]) only with respect to a cause of action that is the subject of the motion before the court (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429 [1996]; *Frank v City of New York*, 211 AD2d 478, 479 [1995]). Here, the third through sixth causes of action were not raised in the motion, denominated as one for partial summary judgment. Therefore, they should not have been dismissed.

As to the two breach of contract causes of action, the motion court erred in determining that whether the termination was with or without cause was irrelevant and finding that Dr. Scott forfeited any severance pay as a matter of law by opening his own medical practice. Contrary to Beth Israel's argument, which the motion court adopted, the employee choice doctrine contemplates that ''[w]here the employer terminates the employment relationship without cause, 'his action necessarily destroys the mutuality of obligation on which the covenant rests as well as the employer's ability to impose a forfeiture' '' (*Morris v Schroder Capital Mgt. Intl.*, 7 NY3d 616, 621 [2006], quoting *Post v Merrill Lynch, Pierce, Fenner & Smith*, 48 NY2d 84, 89 [1979]). Accordingly, even under the motion court's assumption that the termination was for cause, the fact that Dr. Scott went to work elsewhere is an insufficient basis to dismiss these two causes of action. Concur—Sullivan, J.P., Williams, Sweeny, Catterson and Malone, JJ.