■ TOWN OF CLIFTON PARK, Respondent, v GEORGE SARRIS, Appellant. [917 NYS2d 430]—

Kavanagh, J. Appeal from an order of the County Court of Saratoga County (Scarano, J.), entered January 11, 2010, which affirmed a judgment of the Justice Court of the Town of Halfmoon in favor of plaintiff.

During a 17-month period, beginning in June 2004, defendant was issued 13 appearance tickets for harboring waterfowl on his property in the Town of Clifton Park, Saratoga County in violation of the local zoning code (see Town of Clifton Park Zoning Code § 208-10 [B] [1] [a]). In February 2005, defendant commenced an action in Supreme Court seeking a declaratory judgment that harboring of ducks, geese and other waterfowl on his property was permitted under the local zoning code (see Sarris v Town of Clifton Park, 38 AD3d 981 [2007], lv denied 8 NY3d 814 [2007]). This Court modified Supreme Court's grant of summary judgment dismissing the action to the extent that it issued a declaration that "the Town of Clifton Park Zoning Code does not permit [defendant] to harbor ducks and geese on his property or maintain a nature preserve therein" (id. at 983). Meanwhile, the prosecution of those charges still pending against defendant at the time this decision was rendered was transferred to the Town of Halfmoon Justice Court for disposition.[1] Following an April 2009 trial, defendant was found guilty of all charged violations and fines were imposed. Defendant ap-

___

1. Before the declaratory judgment action was commenced, defendant had been tried and found guilty of the charge contained in ticket No. 311 and paid a fine. Nevertheless, the record indicates, and plaintiff acknowledges, that defendant was once again convicted of the identical charges under the same ticket following the declaratory judgment action. Accordingly, the second

pealed the decision to County Court and, upon review, that court affirmed. Defendant now appeals.

Initially, we note that defendant raises numerous arguments on this appeal regarding his claim that he can legitimately harbor waterfowl on his property and still comply with all applicable provisions of plaintiff's zoning code. However, these issues have been fully litigated and determined in the declaratory judgment action, and any arguments by defendant challenging plaintiff's zoning code are barred by the doctrine of res judicata (*see Korbel v Zoning Bd. of Appeals of Town of Horicon*, 28 AD3d 888, 889 [2006]; *Bonded Concrete, Inc. v Town of Saugerties*, 24 AD3d 943, 944-945 [2005]; *Matter of Vogel v Board of Educ. for Dunkirk City School Dist.*, 259 AD2d 831, 832-833 [1999]).[2]

As for defendant's claim that the evidence submitted at trial was not sufficient to support his conviction on any of the 12 remaining tickets, we note that he conceded during trial that he harbored ducks on his property and the site in question covers less than five acres (which is the minimum acreage required to permissibly harbor "poultry" under the zoning code) (*see* Town of Clifton Park Zoning Code § 208-10 [B] [1] [a]). Moreover, with the exception of ticket No. 318, plaintiff's code enforcement officers testified to issuing tickets to defendant based upon their review of the zoning code and their personal observations of his property.[3] Consequently, we conclude that defendant's conviction of ticket No. 318 must be reversed, and any fine paid by defendant with regard to that ticket refunded, while his convictions for the charges contained in the remaining tickets are in all respects affirmed.

Finally, we have reviewed defendant's remaining contentions, including his allegations of bias on the part of Justice Court and County Court, and find them to be unpersuasive.

Rose, McCarthy and Egan Jr., JJ., concur; Cardona, P.J., not taking part. Ordered that the order is modified, on the law, without costs, by reversing defendant's convictions under ticket Nos. 311 and 318 and any fines paid thereunder returned to defendant, and, as so modified, affirmed.

---

conviction of that ticket will be reversed and any fine imposed as the result of that conviction will be refunded.

2. Contrary to defendant's argument, it was not error for the Justice Court to take notice of the zoning code and the decisions issued in connection with the declaratory judgment action (*see* CPLR 4511).

3. While the code enforcement officer who issued ticket No. 353 could not recall seeing ducks on the property on the date set forth in the ticket, defendant stipulated to their presence on his property on that date.