■ GEDNEY COMMONS HOMEOWNERS ASSOCIATION, INC., Respondent, v LYNDA LUKS DAVIS, Appellant. [925 NYS2d 181]—

In an action, inter alia, for a permanent injunction, the defendant appeals from an order of the Supreme Court, Westchester County (Loehr, J.), entered September 7, 2010, which denied her motion for summary judgment dismissing the complaint and upon, in effect, searching the record, awarded

summary judgment to the plaintiff on the first and third causes of action.

Ordered that the order is modified, on the law, by deleting the provisions thereof, in effect, searching the record, and awarding summary judgment to the plaintiff on the first and third causes of action; as so modified, the order is affirmed, with costs to the defendant.

The plaintiff, a homeowner's association, commenced this action, ostensibly on behalf of its members, against the defendant, a resident owner and member of the association. The complaint alleged that the defendant's dog had attacked the dog of another member of the association, and had run unrestrained and unmuzzled on the common areas and on the real property of the other members of the homeowner's association. The complaint further alleged that the defendant was subject to the rules and regulations of the plaintiff, including a rule that any pet kept in a home in the association that "caus[es] or creat[es] a nuisance or unreasonable disturbance or noise shall be permanently removed from the Property." In the first cause of action, the plaintiff sought to have the dog permanently removed from the defendant's residence on the ground that the defendant's conduct constituted a nuisance. In the third cause of action, the plaintiff sought to have the dog permanently removed from the defendant's residence on the ground that the defendant had violated the plaintiff's rules and regulations.

The defendant moved for summary judgment dismissing the complaint, arguing that the action was barred by the Westchester County Pet Law (Laws of Westchester County § 695.11 [1]) and that her conduct did not constitute a nuisance. The Supreme Court denied the defendant's motion and upon, in effect, searching the record, awarded summary judgment to the plaintiff on the first and third causes of action. We modify.

The elements of a private nuisance cause of action are an interference that is (1) substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, and (5) caused by another's conduct in acting or failure to act (see *Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 570 [1977]; *Aristides v Foster*, 73 AD3d 1105, 1106 [2010]; *Donnelly v Nicotra*, 55 AD3d 868, 868-869 [2008]). "[E]xcept for the issue of whether the plaintiff has the requisite property interest, each of the other elements is a question for the jury, unless the evidence is undisputed" (*Weinberg v Lombardi*, 217 AD2d 579, 579 [1995]; see *Broxmeyer v United Capital Corp.*, 79 AD3d 780, 782-783 [2010]). Here, it is undisputed that the plaintiff has the requisite

property interest and the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment on the first cause of action. There are triable issues of fact as to whether the defendant intentionally and unreasonably invaded the plaintiff's interest in the private use and enjoyment of the property. Furthermore, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment on the third cause of action because the Westchester County Pet Law is inapplicable here (*see Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 997 [2010]). In addition, contrary to the defendant's contention, she was not entitled to summary judgment dismissing the remaining causes of action.

However, the Supreme Court erred by, in effect, searching the record and awarding summary judgment to the plaintiff on the first and third causes of action. As discussed above, there are triable issues of fact as to whether the defendant's conduct constituted a nuisance. Moreover, the plaintiff, who relied upon excerpts from the defendant's deposition testimony, but did not submit that testimony, failed to establish its entitlement to summary judgment on the third cause of action. Covello, J.P., Eng, Leventhal and Cohen, JJ., concur.