Garry, J.
Plaintiffs keep horses in a fenced pen on their property in the Town of Pittstown, Rensselaer County, where they allege that horses have been kept since before they purchased the property in 1989. Defendants, who purchased a neighboring property in 1994, hold a driveway easement at the edge of plaintiffs’ property and built a storm drain under the driveway in either 2005 or 2009. In 2010, plaintiffs commenced this action raising claims pursuant to RPAPL article 15 and for trespass to real property, alleging that the storm drain extends beyond the boundaries of defendants’ easement and onto plaintiffs’ unencumbered property. Defendants answered and asserted counterclaims for *925 private nuisance and per se nuisance based on the proximity of plaintiffs’ horse pen to their residence, in alleged violation of a local law. Thereafter, defendants moved for partial summary judgment on the per se nuisance counterclaim and for partial summary judgment dismissing plaintiffs’ trespass cause of action. Plaintiffs cross-moved for summary judgment dismissing the per se nuisance counterclaim. Supreme Court denied defendants’ motions and granted plaintiffs cross motion. Defendants appeal.
Supreme Court properly denied defendants’ motion for partial summary judgment dismissing plaintiffs’ trespass claim. Defendants, as the movants, bore the initial burden to submit evidentiary proof in admissible form demonstrating their entitlement to judgment as a matter of law — a burden that cannot be met by pointing to deficiencies in plaintiffs’ proof (see DiBartolomeo v St. Peter’s Hosp. of the City of Albany, 73 AD3d 1326, 1327 [2010]; Rothbard v Colgate Univ., 235 AD2d 675, 678 [1997]). To document their claim that the storm drain was constructed within the bounds of their easement, defendants submitted their deed, which does not mention the storm drain, photographs of the storm drain that do not reveal its location, and a survey of defendants’ property that does not show the storm drain and, in any event, is inadmissible as it was not supported by a surveyor’s affidavit or other foundational proof (see Bergstrom v McChesney, 92 AD3d 1125, 1127 [2012]). Additionally, defendants submitted an affidavit of defendant Daniel J. Madigan that neither indicates the storm drain’s specific location nor asserts that it is contained within defendants’ easement. As these submissions do not establish that no part of the storm drain is located on plaintiffs’ unencumbered property, defendants did not meet their prima facie burden to establish their entitlement to summary judgment dismissing the trespass claim, without regard to the adequacy of plaintiffs’ opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Patterson v Palmieri, 284 AD2d 852, 853 [2001]; Roushia v Harvey, 276 AD2d 970, 971-972 [2000]).
The trespass claim is not time-barred even if the drain was constructed, as defendants contend, in 2005, as a trespass that consists of an unlawful encroachment on the property of another is a continuing wrong that gives rise to successive causes of action (see Bloomingdales, Inc. v New York City Tr. Auth., 13 NY3d 61, 66 [2009]; Petti v Town of Lexington, 92 AD3d 1111, 1114-1115 [2012]). We further reject defendants’ claim that the action must be dismissed for failure to join a necessary party— namely, a third party who holds another easement over the *926 same driveway. While this third party’s rights might have been affected if this dispute were related to use of the easement (see e.g. Schaffer v Landolfo, 27 AD3d 812, 812 [2006]), plaintiffs’ trespass claim does not involve easement rights nor any claim against the third party, but instead clearly asserts that the storm drain is located on their unencumbered property. Defendants thus failed to show that the third party might be inequitably affected by a judgment on the trespass claim or that joinder is required to permit complete relief to be accorded (see CPLR 1001 [a]; compare Buckley v MacDonald, 231 AD2d 599, 600 [1996] ).
Finally, defendants contend that Supreme Court erred in denying their motion for summary judgment on their counterclaim for per se nuisance and in granting plaintiffs’ cross motion for summary judgment dismissing this counterclaim.[1] The per se nuisance claim is based upon the undisputed location of plaintiffs’ horse pen about 100 feet from defendants’ home, in alleged violation of a local law that requires such pens to be separated from dwellings by at least 500 feet (see Local Law No. 1 [2010] of Village of Valley Falls § 9). We disagree with defendants that the declaration in the local law that such a violation is a “nuisance” (see Local Law No. 1 [2010] of Village of Valley Falls § 7) is sufficient, without more, to establish their claim of nuisance per se.[2] A showing that the pen is unlawful excuses defendants only from proving that plaintiffs’ actions were negligent or intentional; the other elements of a nuisance cause of action must still be shown (see State of New York v Fermenta ASC Corp., 238 AD2d 400, 403 [1997], lv denied 90 NY2d 810 [1997]). A private nuisance claim requires a showing of “intentional action or inaction that substantially and unreasonably interferes with other people’s use and enjoyment of their property” (Nemeth v K-Tooling, 100 AD3d 1271, 1272 [2012]; see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570 [1977]; Langan v Bellinger, 203 AD2d 857, 857-858 [1994]; see also Guzzardi v Perry’s Boats, 92 AD2d 250, 254 [1983]). Defendants did not prove entitlement to summary judgment on the per se nuisance claim, as they relied exclusively on *927 the alleged local law violation and offered no proof that the horse pen’s placement caused a substantial or unreasonable interference — and notably, such determinations “ordinarily turn[ ] on questions of fact” (Futerfas v Shultis, 209 AD2d 761, 763 [1994] [internal quotation marks and citation omitted]).
We agree with defendants that plaintiffs’s cross motion for summary judgment should not have been granted. Seeking to prove that the horse pen is not unlawful, plaintiffs submitted minutes from a municipal board meeting and a letter from a code enforcement officer stating that the local law — passed in 2010 — is not retroactive and does not apply to the preexisting horse pen. These unsworn submissions do not constitute evidentiary proof in admissible form sufficient to support a summary judgment motion (see Ulster County, N.Y. v CSI, Inc., 95 AD3d 1634, 1636 [2012]; Matter of Patricia YY. v Albany County Dept. of Social Servs., 238 AD2d 672, 674 [1997]). Nevertheless, it remains defendants’ burden to establish the horse pen’s illegality at trial. “The general rule against interpreting statutes or ordinances retrospectively, especially where vested rights are involved, applies to zoning ordinances” (Matter of Town oflslip v Caviglia, 73 NY2d 544, 560 [1989]). Municipalities have power to restrict the preexisting use of property to keep animals for recreational purposes (see People v Miller, 304 NY 105, 109 [1952]). Here, however, the municipality has not enforced its local law against plaintiffs, and the text of the law does not reveal its applicability to prior nonconforming uses. Accordingly, this issue remains to be resolved (compare Nemeth v K-Tooling, 100 AD3d at 1274-1275).
Lahtinen, J.E, Stein and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs’ cross motion for summary judgment dismissing defendants’ counterclaim for per se nuisance; cross motion denied; and, as so modified, affirmed.

. There is no significance in Supreme Court’s misidentification of the claim it was dismissing as the “second counterclaim for private nuisance.” The second counterclaim in fact alleged per se nuisance, the parties’ motions were confined to that counterclaim, and the court’s analysis clearly addressed the per se nuisance claim.

. “ ‘There is perhaps no more impenetrable jungle in the entire law than that which surrounds the word “nuisance” ’ ” (Copart Indus. v Consolidated Edison Co. of NY., 41 NY2d 564, 565 [1977], quoting Prosser, Torts at 571 [4th ed]).