### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 20, 2014                    516239
_____

THERESA SCHILLACI et al.,
                    Respondents,

          v                                    MEMORANDUM AND ORDER

GEORGE SARRIS et al.,
                    Appellants.
_____


Calendar Date:  October 14, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

                    _____


          George Sarris, Clifton Park, appellant pro se.

          Oliver Law Office, Albany (Lewis B. Oliver of counsel), for
Joy Sarris, appellant.

          Galvin & Morgan, Delmar (Madeline Sheila Galvin of
counsel), for respondents.

                    _____


Egan Jr., J.

          Appeal from an order of the Supreme Court (Nolan Jr., J.),
entered October 26, 2012 in Saratoga County, which, among other
things, partially denied defendants' motions for summary judgment
dismissing the complaint.

          At all times relevant, plaintiffs and defendants each owned
property located on Woodside Drive in the Town of Clifton Park,
Saratoga County; plaintiffs purchased their property in 1991, and
defendants purchased the property next door to plaintiffs in
1999.  According to plaintiffs, defendants thereafter expanded an
existing pond located on their property in order to create a
nature preserve for passing waterfowl.  Defendants' efforts in

this regard were found to be in violation of the local zoning code (Sarris v Town of Clifton Park, 38 AD3d 981, 982-983 [2007], lv denied 8 NY3d 814 [2007]), and defendant George Sarris was fined accordingly (Town of Clifton Park v Sarris, 81 AD3d 1207, 1208 [2011]).

In the interim, plaintiffs commenced this action in 2005 alleging – insofar as is relevant here – that the large number of waterfowl attracted to defendants' property constituted a private nuisance and, further, that the resulting noise and excrement amounted to a continuing trespass. Following joinder of issue, plaintiffs moved by order to show cause for a preliminary injunction, seeking to enjoin defendants from keeping or feeding wild waterfowl on their property. Defendants, in turn, successfully moved to amend their answer, wherein they asserted counterclaims for intentional infliction of emotional distress, defamation and setoff. Supreme Court (Ferradino, J.) issued a temporary restraining order precluding defendants from feeding any nonresident fowl on their property and, following a lengthy hearing, granted plaintiffs' request for a preliminary injunction in December 2006 – contingent upon the posting of a $10,000 undertaking. Specifically, Supreme Court enjoined defendants from "maintaining a feeding station for both wild and domesticated [waterfowl] and poultry on their property" – except as to those waterfowl under George Sarris's care and treatment in his capacity as a wildlife rehabilitator – and, further, directed defendants to remove "all domestic or wild fowl or poultry" from their property. The parties debate the extent to which defendants complied with this directive and, in 2008, plaintiffs sold their property and relocated.

In March 2009, plaintiffs moved for summary judgment, and defendants cross-moved for similar relief. Supreme Court (Ferradino, J.) denied both motions. Thereafter, in March 2011, George Sarris, proceeding pro se, moved for summary judgment dismissing plaintiffs' complaint; plaintiffs opposed this motion and cross-moved for, among other things, summary judgment as to their private nuisance cause of action. In May 2012, defendant Joy Sarris (George Sarris's spouse), moved for, among other things, summary judgment dismissing plaintiffs' complaint, which plaintiffs again opposed. By order entered October 26, 2012,

Supreme Court (Nolan Jr., J.), among other things, denied the parties' respective motions as to plaintiffs' private nuisance and trespass causes of action, granted defendants' motions for summary judgment dismissing plaintiffs' third cause of action (premised upon water intrusion into plaintiffs' basement), granted plaintiffs' request to release the previously posted undertaking and dismissed defendants' counterclaims. Defendants separately – and unsuccessfully – moved to reargue and now appeal from Supreme Court's October 2012 order.

Preliminarily, we note that although defendants each purport to appeal from Supreme Court's denial of their respective motions to reargue, the record before us does not contain a notice of appeal in this regard; in any event, no appeal lies from the denial of a motion to reargue (see Wells Fargo, N.A. v Levin, 101 AD3d 1519, 1520 [2012], lv dismissed 21 NY3d 887 [2013]). Turning to the merits, defendants – as so limited by their briefs – initially contend that Supreme Court erred in denying their motions for summary judgment dismissing plaintiffs' first and second causes of action sounding in private nuisance and trespass. We disagree.

"Private nuisance is established by proof of intentional action or inaction that substantially and unreasonably interferes with other people's use and enjoyment of their property" (Nemeth v K-Tooling, 100 AD3d 1271, 1272 [2012] [citation omitted]; see Ivory v International Bus. Machines Corp., 116 AD3d 121, 131 [2014], lv denied 23 NY3d 903 [2014]; Overocker v Madigan, 113 AD3d 924, 926 [2014]). As a private nuisance claim involves the right to use and enjoy the land in question, no actual intrusion onto the plaintiff's property is required (see Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d 853, 856 [2012]) and no actual damage to the property itself need be shown (see Ivory v International Bus. Machines Corp., 116 AD3d at 131). Further, "[e]xcept for the issue of whether the plaintiff [possesses] the requisite property interest, each of the [remaining] elements is a question for the jury, unless the evidence is undisputed" (Gedney Commons Homeowners Assn., Inc. v Davis, 85 AD3d 854, 855 [2011] [internal quotation marks and citation omitted]; accord Broxmeyer v United Capital Corp., 79 AD3d 780, 782-783 [2010]; see Futerfas v Shultis, 209 AD2d 761,

763 [1994]).  Trespass, on the other hand, involves "an intentional entry onto the land of another without justification or permission" (Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d at 855; see Marone v Kally, 109 AD3d 880, 882 [2013]; Spellburg v South Bay Realty, LLC, 49 AD3d 1001, 1002 [2008]).

In support of their motions for summary judgment, defendants did nothing more than argue that plaintiffs failed to plead – and ultimately will be unable to prove – compensable damages and, therefore, dismissal of plaintiffs' first and second causes of action sounding in private nuisance and trespass was warranted.  Even assuming, without deciding, that defendants' assessment of plaintiffs' pleadings and examination before trial testimony is accurate, the case law makes clear that the moving party must affirmatively demonstrate its entitlement to summary judgment "and does not meet its burden [in this regard merely] by noting gaps in its opponent's proof" (Malamas v Toys "R" Us–Delaware, Inc., 94 AD3d 1438, 1438 [2012] [internal quotation marks and citation omitted]; see Overocker v Madigan, 113 AD3d at 925; DiBartolomeo v St. Peter's Hosp. of the City of Albany, 73 AD3d 1326, 1327 [2010]).  Similarly, the fact that plaintiffs have sold their residence does not compel dismissal of their claims, as they still potentially are entitled to either temporary nuisance damages, as measured by the reduction in the usable value of their property (see Doin v Champlain Bluffs Dev. Corp., 68 AD3d 1605, 1613 [2009], lv dismissed 14 NY3d 832 [2010]), or – at the very least – nominal damages (see Taverni v Broderick, 111 AD3d 1197, 1200 [2013]; Doin v Champlain Bluffs Dev. Corp., 68 AD3d at 1613).  Finally, as the record as a whole otherwise contains conflicting proof as to the substantiality and unreasonableness of defendants' alleged interference with plaintiffs' use and enjoyment of their property and/or defendants' actual intrusion thereon, Supreme Court properly denied defendants' motions for summary judgment dismissing plaintiffs' first and second causes of action.

Defendants next contend – again, as so limited by their respective briefs – that Supreme Court erred in sua sponte dismissing their first counterclaim for intentional infliction of

emotional distress.[1]  Although CPLR 3212 (b) – cited by Supreme Court here – indeed permits a court to search the record and grant summary judgment to a nonmoving party, Supreme Court's authority in this regard extends "only . . . to a cause of action or issue that is the subject of the motions before the court" (Dunham v Hilco Constr. Co., 89 NY2d 425, 430 [1996]; see Scott v Beth Israel Med. Ctr., Inc., 41 AD3d 222, 223-224 [2007]). Stated another way, "[a] motion for summary judgment addressed to one claim or defense does not provide a basis for the court to search the record to grant summary judgment on an unrelated claim or defense" (Frank v City of New York, 211 AD2d 478, 479 [1995]; see Sadkin v Raskin & Rappoport, 271 AD2d 272, 273 [2000]).

Here, there is no question that the parties' various motion papers could have been drafted with greater clarity.  That said, inasmuch as defendants expressly requested that Supreme Court "establish[] a schedule for discovery concerning defendants' counterclaims" and asked that "the case [be] set down for trial," we cannot conclude that defendants sought summary judgment as to their first counterclaim.  Similarly, despite counsel's representations in plaintiffs' brief on appeal, the record does not reflect that plaintiffs affirmatively sought dismissal of this counterclaim in the context of their cross motion for summary judgment, and the record as a whole otherwise fails to disclose that the parties charted a course for summary judgment in this regard (see generally Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]; James v Bain, 86 AD3d 675, 676 [2011]).  Accordingly, we agree that Supreme Court erred in sua sponte dismissing defendants' first counterclaim.  Moreover, based upon our review of, among other things, the parties' respective affidavits, we cannot say that this counterclaim is amenable to summary resolution in any event.

---

[1]  Although George Sarris broadly asserts that Supreme Court erred in dismissing "defendants' counterclaims," he – as well as his spouse – only substantively address the dismissal of their first counterclaim.  Accordingly, we deem any argument as to the dismissal of defendants' second and third counterclaims to be abandoned (see Roohan v First Guar. Mtge., LLC, 97 AD3d 891, 892 [2012]).

We also find merit to defendants' argument that Supreme Court erred in releasing the undertaking previously imposed in connection with the preliminary injunction granted to plaintiffs. CPLR 6312 (b) provides, in relevant part, that "prior to the granting of a preliminary injunction, the plaintiff shall give an undertaking in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he or she was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason [there]of." As the Court of Appeals has explained, "[a] preliminary injunction, unless sooner abrogated, continues in force until judgment in the action is rendered. So long as it continues the bond cannot be canceled" (J.A. Preston Corp. v Fabrication Enters., 68 NY2d 397, 405 [1986] [citations omitted]). Contrary to plaintiffs' assertion, the fact that this Court has held that defendants are precluded by the relevant zoning code from maintaining a nature preserve for waterfowl on their property (Sarris v Town of Clifton Park, 38 AD3d at 982-983) does not constitute a final "determination on the merits of whether the [preliminary] injunction was erroneously granted" (Bonded Concrete, Inc. v Town of Saugerties, 42 AD3d 852, 856 [2007]). Pending such determination, Supreme Court erred in releasing the undertaking. Defendants' remaining contentions, to the extent not specifically addressed, are either not properly before us or have been examined and found to be lacking in merit.

Peters, P.J., Stein, Rose and Clark, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as dismissed defendants' first counterclaim for intentional infliction of emotional distress and released plaintiffs' undertaking; said counterclaim and undertaking reinstated; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court