Torre v Town of Tioga (2021 NY Slip Op 00464)





Torre v Town of Tioga


2021 NY Slip Op 00464


Decided on January 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

529953

[*1]Susanne M. Torre et al., Respondents,
v
Town of Tioga et al., Appellants.

Calendar Date: January 11, 2021

Before: Lynch, J.P., Clark, Mulvey, Pritzker and Colangelo, JJ.


Kenney Shelton Liptak Nowak LLP, Jamesville (Daniel K. Cartwright of counsel), for appellants.
Law Office of Ronald R. Benjamin, Binghamton (Ronald R. Benjamin of counsel), for respondents.



Mulvey, J.
Appeal from an order of the Supreme Court (Faughnan, J.), entered August 1, 2019 in Tioga County, which denied defendants' motion for summary judgment dismissing the second amended complaint.
In 2007, plaintiffs bought a 3.42-acre parcel of land in the Town of Tioga, Tioga County. The parcel contained a seasonal "car-width dirt road" called Graham Road. In 2010, defendant Town of Tioga (hereinafter the Town) laid gravel and did other repairs on Graham Road. Plaintiffs thereafter commenced this action against the Town and defendant Lewis W. Zorn, the Town's supervisor, finally alleging, in a second amended complaint, causes of action for trespass, encroachment and nuisance. Defendants moved for summary judgment dismissing the second amended complaint, arguing that the Town's ownership of the disputed strip of land encompassing Graham Road precludes all of plaintiffs' causes of action and advancing alternative arguments to dismiss each cause of action individually. Supreme Court denied defendants' motion. Defendants appeal.
We affirm. Defendants, as the parties moving for summary judgment, had "the burden to establish a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014] [internal quotation marks and citation omitted]). Failure to meet this burden requires denial of the summary judgment motion "regardless of the sufficiency of the opposing papers" (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012] [internal quotation marks, emphasis and citation omitted]; accord Voss v Netherlands Ins. Co., 22 NY3d at 734).
To support their primary argument that plaintiffs' causes of action must all fail because the Town owns the property at issue, defendants submitted the affidavit of Joseph Deutsch, who is both an attorney and an officer of a title insurance agency. Deutsch reviewed a chain of deeds, recorded maps, a tax map, a Google map, a survey map commissioned by plaintiffs' predecessor-in-interest, and an 1855 map on which Deutsch drew modern reference points. Although Deutsch has decades of experience in the title insurance industry and has served as an expert witness and lecturer on certain real estate transactions, there is no indication that he has any expertise as a surveyor or special skills in relation to maps. Deutsch opined that the Town owns the land on which Graham Road lies and has been the owner since George Pixley conveyed a strip of land to the Town by deed in 1920 (hereinafter referred to as the Pixley deed). The Pixley deed describes the parcel conveyed to the Town as "a strip of land three rods in width" and describes its boundaries with reference to "the highway," "Straits Corners," "the Creek," and "Evelyn Hill Road," among other points; it does not mention Graham Road. Deutsch does not explain how he determined which highway and creek were being referenced in [*2]the Pixley deed. He avers that, due to a fire having destroyed some of the Town's minute books, he does not know why the Town bought this strip of land from Pixley, but then speculates as to the reason for that acquisition, without proof.
Deutsch also opines that plaintiffs' 2007 deed contained a defective description by failing to exclude the three-rod strip of land, and that a competent search would have disclosed the Pixley deed. However, plaintiffs received an abstract of title that did not include the Pixley deed, and their predecessor's survey apparently did not mention that deed or denote its contents. This raises a question as to whether plaintiffs' abstract was accurate in omitting the Pixley deed, i.e., that perhaps the strip conveyed by that deed was not Graham Road.
Supreme Court did not err in concluding that defendants failed to establish the Town's ownership of the disputed strip of land through the affidavit of Deutsch, who had no background in surveying but relied mainly on maps and did not fully explain how he arrived at his conclusion that the Pixley deed conveyed Graham Road. The court pointed to Deutsch's "troubling" assumptions about how the Pixley deed descriptions compared to the modern geography and concluded that defendants needed "something more" to establish the Town's ownership and meet their burden on summary judgment. The court correctly found that defendants failed to prove that Deutsch's credentials as a title researcher and real estate attorney qualified him to depict on a map the descriptions in the Pixley deed, so defendants could not rely upon that opinion alone to establish that the Town owns the strip of land now in dispute (compare Superhost Hotels Inc. v Selective Ins. Co. of Am., 160 AD3d 1162, 1164-1165 [2018]).[FN1] Thus, defendants were not entitled to summary judgment based on the Town's alleged ownership of the land (see e.g. DiLorenzo v Juan Ortoo Holdings, Ltd., 160 AD3d 1184, 1186-1187 [2018]; Overocker v Madigan, 113 AD3d 924, 925 [2014]; compare Primax Props., LLC v Monument Agency, Inc., 158 AD3d 1336, 1337-1338 [2018]; Salerno v C.E. Kiff, Inc., 119 AD3d 1104, 1106 [2014]; Lavine v Town of Lake Luzerne, 296 AD2d 793, 793-794 [2002], lv denied 99 NY2d 501 [2002]).
Supreme Court also properly denied defendants' motion for summary judgment based on their alternative arguments. To support their argument and establish entitlement to summary judgment dismissing the trespass cause of action, defendants had to prove that — assuming plaintiffs owned the strip — defendants' interference with plaintiffs' use and enjoyment of their land was complete and permanent so as to constitute a de facto taking, rather than temporary or intermittent so as to constitute a trespass (see Smith v Town of Long Lake, 40 AD3d 1381, 1382-1383 [2007]; Stewart v State of New York, 248 AD2d 761, 762 [1998]). The record indicates that the Town widened Graham Road, brought in truckloads of gravel and transformed it from [*3]a dirt road to a "gravel-paved road." Because it is unclear whether the road surface is gravel, which is somewhat impermanent, or pavement, which would be permanent (see Smith v Town of Long Lake, 40 AD3d at 1382), defendants failed to meet their burden and the question of whether this was a taking or trespass (or neither) must be resolved at trial (see Peelle v Town of Irondequoit, 148 AD3d 1761, 1762 [2017]). Similarly, on the nuisance cause of action, the issue of whether defendants substantially interfered with plaintiffs' right to use and enjoy their property is generally a factual question for a jury to resolve (see Schillaci v Sarris, 122 AD3d 1085, 1087 [2014]; Gedney Commons Homeowners Assn., Inc. v Davis, 85 AD3d 854, 855 [2011]). We have reviewed the parties' remaining contentions and none warrants further discussion. Accordingly, Supreme Court correctly denied defendants' motion seeking summary judgment.
Lynch, J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Despite defendants' assertions that only an analysis of chain of title was required to determine ownership of the disputed strip, the dispute requires a determination of what road or strip was conveyed, and the exact location of that strip (more akin to a boundary line dispute), to resolve whether the Pixley deed conveyed the land now underlying Graham Road.